

FILED
COURT OF APPEALS OF
STATE OF WASHINGTON

2013 SEP -3 AM 10: 40

# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DOUGLAS KRUGER, | ) | |
| | ) | No. 68008-1-I |
| Respondent/Cross-Appellant, | ) | Consolidated w/ No. 68009-9-I |
| | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| MICHAEL MOI, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant/Cross-Respondent. | ) | FILED: September 3, 2013 |

SPEARMAN, J. — Douglas Kruger sued Michael Moi for breach of a business agreement involving the purchase of real property. Kruger obtained default judgments in two separate cases, filed in 2006 and 2009.[1] The trial court denied Moi's motion to set aside the default judgment in the 2009 case. Moi appeals that order, two related orders, and an order denying Moi's motion to enforce the part of the 2006 default order that directed Kruger to convey half of the joint property to Moi. Kruger cross-appeals the trial court's denial of his motion for additional attorney's fees, filed after entry of the default judgment. We reverse the damages portion of the default judgment and the two related orders, and otherwise affirm. We remand for further proceedings consistent with this opinion.

---

[1] Cause numbers 06-2-32029-8 and 09-2-36968-2.

## FACTS

Around October 1990, Kruger and Moi jointly purchased a residential lot in Seattle.[2] At the time, a house sat on the prospective dividing line. The parties agreed to eventually demolish the house and then divide the property, with Kruger taking one half, Parcel A, and Moi taking the other, Parcel B. In 2003 the parties borrowed $160,000 from a bank to pay off the original seller. Each agreed to pay half the loan and half the expenses for the combined property. In 2003, the parties agreed that Moi and his wife would live in the house and pay the mortgage while they lived there.

In autumn 2005, Kruger's application for a consumer loan was declined. He learned that his credit had been damaged because the loan secured by the property had been in default and the underlying note had not been paid for months. The taxes also had not been paid for a substantial time. At some point Moi had stopped making payments on the property. Kruger paid the past-due mortgage payments and back taxes and had the house demolished in June 2006 in accordance with the parties' agreement. Kruger demanded that Moi pay his share of these expenses and sign the short plat documents allowing the properties to be divided, but Moi refused.

Kruger filed suit against Moi on October 3, 2006. Moi was served but failed to appear. On February 16, 2007, Kruger obtained a default judgment for approximately $44,000, which included statutory attorney fees and costs in the

---

[2] Clerk's Papers, "CP (06)" refers to the clerk's papers in the 2006 case. "CP (09)" refers to the clerk's papers in the 2009 case.

amount of $390.95. The default judgment ordered the parties to convey the parcels to each other so that each would hold title to one parcel. Moi does not challenge this default judgment. When Moi refused to comply with the order requiring him to sign property transfer documents, Kruger moved to enforce the judgment. The trial court ordered Moi to convey Parcel A to Kruger. A quitclaim deed to Kruger was executed on April 1, 2009. Kruger did not transfer Parcel B to Moi.

On October 12, 2009, Kruger filed a second lawsuit against Moi, alleging he had continued to make payments on the loan, taxes, and maintenance by himself. He requested damages caused by Moi's "past, current, and ongoing breach of contract." CP (09) at 7. He also requested "[r]easonable attorney's fees and costs as allowed by law," but did not allege the parties had an agreement with an attorney-fee provision. Id. Moi was served but failed to appear. Kruger moved for entry of a default judgment, claiming he had incurred total costs and fees of $79,244.36 as a result of Moi's breach since February 2007. These amounts were listed in a spreadsheet attached to Kruger's declaration. The amounts listed included approximately $30,000 in fees to Kruger's attorneys. On February 23, 2010, the trial court entered a default judgment of $79,244.36.

Sometime after Moi learned of the default judgment, he contacted attorney Michael Malnati. On April 16, 2010, Malnati contacted Kruger's attorney, Rick Wathen. On April 30, Kruger filed, without notice to Moi, a motion to amend the default judgment. The motion stated:

On February 23, 2010, this Court entered a Default Judgment against the Defendants in the amount of $79,244.36. . . . However, the calculation of damages, which included the periodic payments on a joint loan taken by Plaintiff and Defendant Moi, did not include the principle [sic] on that loan, $160,000.[3] Moi has failed to make payments on this loan, which was necessary to secure the subject property in the first place, thereby forcing Plaintiff Kruger to pay the loan in full. As a result, Mr. Kruger is entitled not only to judgment in the amounts that he has already paid to keep the loan from default to avoid foreclosure, but also to the amount necessary to pay the principle [sic]. As a result, Mr. Kruger asks that the Court vacate the February 23, 2010 Judgment and enter a new Amended Default Judgment in the amount set forth below.

CP at (09) 54-55. Kruger requested $214,903.56, broken down as follows:

| | |
|---|---|
| A. Total Money Paid Out-of-Pocket through Original Default Judgment (Exhibit A): | $141,379.59 |
| B. Amounts Incurred on Property Since Judgment: | $6,386.69 |
| C. Principle [sic] on Chase/WaMu Loan: | $160,000.00 |
| D. Less Judgment obtain under Cause No. 06-2-32029-8: | ($92,862.72) |
| TOTAL JUDGMENT REQUESTED: | $214,903.56 |

CP (09) at 58. Kruger provided the same spreadsheet submitted for the first default judgment. On May 3, 2010, the *ex parte* court granted the motion, awarding him $214,903.56 as damages "for a sum certain." CP (09) at 73, 279-80.

Shortly after learning of the amended default judgment, Moi filed for bankruptcy on May 20, 2010. In September 2010, Moi attempted to resolve the issues with the default judgments in bankruptcy court by filing an "adversary

---

[3] Kruger's declaration explained that the loan payments he had been making covered only the interest and that none of the $160,000 principal had yet been paid.

proceeding" against Kruger to vacate the default orders.[4] CP (09) at 632-38.

Kruger filed a motion for summary judgment in April 2011, requesting the court to set the amount owed by Moi to Kruger for purposes of the bankruptcy proceeding, award attorney's fees under the parties' written agreement (the existence of which Kruger alleged for the first time), and dismiss Moi's claim of preference. Kruger's motion for summary judgment was set over for hearing on May 19, 2011.

On May 2, 2011, Moi filed a motion to set aside the default judgments in superior court. He contended that Kruger inflated his claims for damages and obtained the amended default judgment without notice to Moi. The motion for order to show cause was set for May 17. Kruger filed an opposition, arguing that Moi had not obtained relief from the bankruptcy stay and that there was a pending motion for summary judgment in the bankruptcy proceeding. Moi filed a motion to strike the hearing, which was granted on May 13. Around the same time, Moi voluntarily moved to dismiss the bankruptcy proceeding. The court granted Moi's motion on May 31. The bankruptcy case was closed on July 12, 2011.

On August 17, 2011, Moi filed a second motion to set aside the February 2010 and May 2010 default judgments. Moi also requested CR 11 sanctions. On November 28, the trial court denied Moi's motion. The trial court concluded that

---

[4] Moi also alleged claims against Wathen for Racketeer Influenced and Corrupt Organizations Act (RICO) violations, mail fraud, wire fraud, perjury, violations of 28 USC §§ 1981, 1982, and 1983. Kruger and Wathen moved to dismiss the claims against Wathen in January 2011. The bankruptcy court granted the motion.

(1) Malnati had not appeared on behalf of Moi; (2) Wathen had not committed misconduct or fraud in obtaining the default judgments; and (3) Moi's motion was untimely. At the same time Moi moved to set aside the default judgments, he moved to enforce the default judgment in the 2006 case insofar as it required Kruger to convey Parcel B to Moi. The court denied Moi's motion.

In December 2011, Moi filed notices of appeal regarding the order denying his motion to set aside the default judgments and the order denying his motion to enforce the judgment in the 2006 case.

On February 6, 2012, Kruger filed a motion in the trial court for entry of a judgment summary.[5] Kruger argued that the lack of a judgment summary in the default judgment was a "clerical error" under CR 60(a). Moi opposed the motion, arguing that the amended judgment sought by Kruger could not be entered in the trial court without obtaining permission from this court under RAP 7.2(e). The trial court granted Kruger's motion on February 7. On March 8, Moi filed a "Motion to Deny Entry of Corrected Amended Default Judgment" in this court.[6]

On March 12, 2012, Kruger filed a motion in the trial court for a writ of execution in the 2009 case. The trial court granted Kruger's motion on March 22. Moi's parcel was sold to Kruger at a sheriff's sale on May 25.

On March 29, Kruger filed a motion for an additional $116,084.96 in attorney fees incurred since the entry of the amended default judgment. Moi

---

[5] The judgment summary in Kruger's proposed corrected amended default judgment separated the lump sum damages award of $214,903.56 in the existing order for judgment into a principal judgment amount of $180,290.13 and $34,613.43 in attorney's fees and costs.

[6] The commissioner of this court referred the motion to this panel.

opposed the motion, arguing there was no basis for attorney's fees. On May 29, the trial court denied Kruger's motion without prejudice.

Moi filed additional notices of appeal designating the February 7, 2012 order granting Kruger's motion for entry of a judgment summary and the March 22, 2012 order granting Kruger's motion for order to clerk for issuance of writ. Kruger filed a notice of cross-appeal designating the May 29, 2012 order denying his motion for attorney's fees. Moi's various appeals and Kruger's cross-appeal were consolidated.

## DISCUSSION

### Motion to Vacate Amended Default Judgment

A decision to grant or deny a motion to vacate a default judgment is within the trial court's discretion. Morin v. Burris, 160 Wn.2d 745, 753, 161 P.3d 956 (2007). Abuse of discretion is less likely to be found when a default judgment is set aside. Griggs v. Averbeck Realty, Inc., 92 Wn.2d 576, 582, 599 P.2d 1289 (1979). Default judgments are disfavored; courts prefer to have controversies determined on their merits. Morin, 160 Wn.2d at 754. Where a court is asked to vacate a default judgment, it "should exercise its authority liberally, as well as equitably, to the end that substantial rights be preserved and justice between the parties be fairly and judiciously done." White v. Holm, 73 Wn.2d 348, 351, 438 P.2d 581 (1968) (citing Hull v. Vining, 17 Wn. 352, 49 P. 537 (1897)).

7

No. 68008-1-I/8

Moi brought his motion to vacate the amended default judgment[7] under

CR 60(b), which provides in relevant part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud;** etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . .
>
>> (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order;
>> . . .
>> (4) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>>
>> (5) The judgment is void;
>> . . .
>
> The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken . . .

CR 60(b). Moi contends the trial court erred in denying his motion because (1) Kruger obtained the amended default judgment without notice to Moi after Malnati informally appeared; (2) Kruger obtained inflated damages and attorney fees through fraud and misrepresentation; and (3) Kruger obtained greater and different relief than sought in the complaint, making the judgment void.

<u>CR 60(b)(1) – Entitlement to Notice</u>

Moi contends the amended default judgment must be vacated under CR 60(b)(1) because it was obtained without notice to Moi after Malnati informally

---

[7] While Moi seeks to vacate both default judgments, the first default judgment was vacated by the May 2010 order granting the motion for amended default judgment. Therefore, only the amended default judgment is at issue.

8

appeared on his behalf before entry of the amended default judgment.[8] A defendant who has appeared in an action is entitled to notice of a motion for default. Professional Marine Co. v. Lloyd's, 118 Wn. App. 694, 708, 77 P.3d 658 (2003); CR 55(a)(3). If no notice is received, a defendant is generally entitled to have the judgment set aside without further inquiry. Morin, 160 Wn.2d at 754 (citing Tiffin v. Hendricks, 44 Wn.2d 837, 847, 271 P.2d 683 (1954)). A defendant can substantially comply with the appearance requirement through an informal appearance if it shows intent to defend and acknowledges the court's jurisdiction over the matter after the summons and complaint are filed. Sacotte Const.. Inc. v. National Fire & Marine Ins. Co., 143 Wn. App. 410, 415, 177 P.3d 1147 (2008) (citing Morin, 160 Wn.2d at 749).

Initially, we note that a motion under CR 60(b)(1) must be made no more than one year after the judgment was entered. Here, the amended default judgment was entered on May 3, 2010 and Moi did not file the subject motion to set aside the default judgment until August 11, 2011. Thus, we agree with the trial court that on this ground the motion is untimely.

---

[8] Moi also asserts that the judgment should be vacated under CR 60(b)(4) because the record suggests Kruger intentionally failed to notify him of the motion for an amended default judgment. We reject this argument because Moi cites no evidence in the record to support it.

Furthermore, the evidence does not support Moi's assertion that Malnati informally appeared on his behalf.[9] It is undisputed that Malnati and Wathen had a phone conversation and exchanged emails before entry of the amended default judgment. But Wathen's declaration states that Malnati informed him during their phone conversation that Malnati did not represent Moi; that Malnati was representing a hard money lender; and that his purpose was to secure a first position for the hard money lender so it could loan money and obtain a security interest ahead of other creditors. CP (09) 143-47, 677. The April 16, 2010 email from Malnati to Wathen supports the statements made in Wathen's declaration:

> One of my lender clients sent Michael Moi to me today to review the Kruger lawsuits and judgments. I don't pretend to be up to speed, but would I like to talk to you about this, and have a few items to bring to your attention. The attached declaration of service in the 2009 lawsuit describes a Middle Eastern man with black hair. This isn't Mr. Moi, who didn't learn of the new lawsuit and default judgment until he saw it on a title report ordered by the lender. I've also seen the recent writ of execution of the 2006 judgment. I would appreciate knowing the basis for $22,000 in post judgment attorney fees in a case based on an oral contract.
>
> The overall goal is to get Mr. Kruger paid what is legitimately owed. That was the reason Moi went to the lender. If that's something that can be explored, I would like to try it. Thanks.

CP (09) at 123, 1110. The trial court correctly concluded that the evidence does not show that Malnati manifested to Wathen or Kruger an intent to defend Moi in

---

[9] Ordinarily, when considering a motion to set aside a default judgment under CR 60(b)(1), we consider four factors under White v. Holm, 73 Wn.2d 348, 438 P.2d 581 (1968). These are: (1) the existence of a valid defense; (2) whether the moving party's failure to timely appear was occasioned by mistake, inadvertence, surprise, or excusable neglect; (3) the moving party's diligence in seeking relief after the notice of entry of the default judgment; and (4) whether substantial hardship will result to the opposing party. Id. at 352; Luckett v. Boeing Co., 98 Wn. App. 307, 314, 989 P.2d 1144 (1999) (White factors apply to determining whether sufficient grounds exist for vacating judgment under CR 60(b)(1)). Because we conclude this argument is untimely and reject Moi's contention that Malnati made an informal appearance, we do not reach the White factors.

the Kruger lawsuit before entry of the amended default judgment. Moreover, nowhere in Malnati's declaration does he state that he represented the Mois in the Kruger lawsuit. There was no abuse of discretion.

## CR 60(b)(4) – Fraud, Misrepresentation, or Other Misconduct

Next, Moi argues the amended default judgment should be vacated under CR 60(b)(4) because it was obtained by fraud, misrepresentation, and misconduct. A party requesting relief pursuant to CR 60(b)(4) must submit proof of misconduct that is clear, cogent, and convincing. Dalton v. State, 130 Wn. App. 653, 665, 124 P.3d 305 (1982) (citing Peoples State Bank v. Hickey, 55 Wn. App. 367, 371-72, 777 P.2d 1056 (1989)).

For the reasons asserted by Moi, we agree that the amount of damages in the amended default judgment was obtained in violation of CR 60(b)(4). First, Kruger sought non-recoverable attorney's fees as damages. A court may not award attorney's fees as a cost of litigation in the absence of contract, statute, or recognized ground of equity providing for an award of fees. Dayton v. Farmers Ins. Group, 124 Wn.2d 277, 280, 876 P.2d 896 (1994). Neither the 2009 complaint nor the motions for default asserted a legal basis for an award of attorney's fees. Kruger nonetheless listed approximately $30,000 in attorney's fees in the spreadsheet he submitted to the court. Second, Kruger sought the entire loan principal of $160,000 even though his complaint states the debt was owed jointly by both parties to the bank and he had not actually incurred such damages by paying off the principal. Kruger thus sought $80,000 for money he owed to the bank, for the parcel he obtained. Third, Kruger asserted that his

"direct and proximate" damages included, among other items, the "Total Money Paid Out-of-Pocket through Original Default Judgment (Exhibit A)." CP (09) at 58. The alleged total amount was stated as $141,379.59. But the figures listed in Exhibit A total approximately $80,000; leaving approximately $61,000 unaccounted for.[10] Finally, Kruger asserted claims for $6,386.69 for "Amounts Incurred on Property Since Judgment," $13,743.24 in loan payments, $9,847.76 in property taxes, $500.00 for principal on the original loan and $582.45 for utilities. Moi contends these claims represent 100% of the amounts due, rather than the 50% properly credited to Moi.

Kruger argues, in response to Moi's contention about attorney's fees, that the parties had a written agreement with an attorney-fee provision. We reject this argument. Again, the existence of such an agreement was never alleged in the 2009 complaint or either of the motions for default. Moreover, the record contains only an unsigned draft agreement.[11] Responding to Moi's contention that it was improper to seek the entire $160,000, Kruger argues that, due to Moi's breach, he has become solely responsible for the principal in order to avoid foreclosure. We reject this argument, which does not explain why the parties' agreement permits him to recover the entire principal—including the half owed by Kruger— from Moi. Kruger makes no response to Moi's third and fourth contentions. In

---

[10] The numbers in the spreadsheet are difficult to read. The approximate amount of the apparent figures is $80,000, as Moi asserts.

[11] Sometime after Kruger filed the 2009 complaint and motions for default judgment, he asserted that the parties had a written agreement drafted by attorney Greg Lawless. The record contains only an unsigned draft agreement. An October 12, 1990 letter from Lawless to the parties states that the agreement he had enclosed was a draft and that Moi and Kruger should read the provisions to determine whether they were applicable. Moi contends the parties had only an oral agreement.

sum, Kruger offers no satisfactory explanation as to why he was entitled to the amount of damages he sought in moving for an amended default judgment, and we agree with Moi that there is substantial evidence the amount of damages awarded was obtained by fraud, misrepresentation, or misconduct.

A motion under CR 60(b)(4), however, must be brought within a "reasonable time." "A reasonable time is determined by examining the facts and circumstances; the critical period is the time between when the party becomes aware of the order and when he or she filed the motion to vacate it." Topliff v. Chicago Ins. Co., 130 Wn. App. 301, 305, 122 P.3d 922 (2005). Due diligence after the discovery of a default judgment contemplates the prompt filing of a motion to vacate. Shepard Ambulance, Inc. v. Helsell Fetterman, Martin, Todd & Hokanson, 95 Wn. App. 231, 231, 974 P.2d 1275 (1999).

The trial court ruled that Moi's motion was not brought within a reasonable time.[12] We conclude the court did not abuse its discretion. Over one year passed between the time Moi became aware of the first default judgment (no later than April 16, 2010) and when he filed his first motion to vacate on May 2, 2011. If the filing date of the second motion to vacate (the one at issue on appeal) is

---

[12] The trial court wrote in its order:

Pleadings filed by Moi show he became aware of the first default judgment as early as April 16, 2010, and that he was aware of the amended default judgment shortly after its entry on May 3, 2010. The court finds Moi did not act with due diligence in moving to set aside the default judgments. Moi strategically chose to pursue relief in the bankruptcy court in an attempt to discharge the debt. It is unlikely a coincidence that the first motion to vacate (which was voluntarily stricken) was filed one day less than one year to the day after the amended default judgment was entered, as an unsuccessful attempt to note the motion before the expiration of a year, mindful of that deadline in CR 60.

CP at 1110.

13

considered, 16 months passed. The trial court properly found that this was not reasonable.[13]

### CR 60(b)(5) – Amended Default Judgment Void

Finally, Moi contends the amended judgment is void because it awarded substantially greater and different relief than that sought in Kruger's complaint. In entering a default judgment, a court may not grant relief in excess of or substantially different from that described in the complaint.[14] In re Marriage of Leslie, 112 Wn.2d 612, 617, 772 P.2d 1013 (1989). "[O]ne has a right to assume that the relief granted on default will not exceed or substantially differ from that described in the complaint and may safely allow a default to be taken in reliance upon this assumption." Columbia Valley Credit Exch., Inc. v. Lampson, 12 Wn. App. 952, 954-55, 533 P.2d 152 (1975) (internal quotation marks and citations omitted). To the extent a default judgment exceeds the relief requested in the complaint, that portion of the judgment is void. Leslie, 112 Wn.2d at 618. A motion attacking a void judgment may be brought at any time. Allstate Ins. Co. v. Khani, 75 Wn. App. 317, 323-24, 877 P.2d 724 (1994).

---

[13] Moi argues that the time spent in the bankruptcy proceeding, from May 2010 to July 2011, should be excluded from consideration because of the automatic stay. The trial court did not abuse its discretion in declining to exclude that period, as Moi's actions with respect to the bankruptcy were specifically within his control. Even accepting Moi's argument, over two months elapsed between the first default judgment and when Moi filed the subject motion to vacate. It would not have been an abuse of discretion to conclude that two months was not reasonable under the circumstances. See Luckett, 98 Wn. App. at 313 (four-month delay in filing motion to vacate not reasonable where party seeking to vacate put forth no good reason for delay). Moi offers no reasons for his failure to promptly move to vacate and does not explain why there was excusable neglect.

[14] Although Moi raised the argument below, the trial court did not specifically address it in denying Moi's motion.

14

Moi's argument is based on the complaint's failure to give notice regarding two components of the damages awarded in the amended default judgment: (1) the entire principal of $160,000 and (2) attorney's fees. We agree that the judgment is partially void under CR 60(b)(5) for these reasons. First, the complaint alleges that Moi breached the parties' contract by failing to make "mortgage, insurance, utility, [and] tax payments on the property." CP (09) at 6. But the complaint states that the loan was "jointly owned by both parties." CP (09) at 6. It does not allege that Moi was required to immediately pay the entire principal, that his failure to do so was a breach of the parties' agreement, or that Kruger was damaged by Moi's failure to pay the full loan principal.

Next, the complaint does not provide notice that Kruger sought attorney's fees under an alleged written agreement. The complaint includes a request for attorney fees and costs "as allowed by law." CP (09) at 7. But it does not allege the existence of any contractual, equitable, or legal basis for attorney's fees.

The amended default judgment exceeds the relief requested in the complaint, and is partially void. We reverse the amended default judgment only with respect to damages, not liability. Fowler v. Johnson, 167 Wn. App. 596, 606, 273 P.3d 1042 (2012) (a court may affirm a default judgment as to liability while reversing only as to damages).

### Moi's Request for CR 11 Sanctions

Moi appeals the trial court's decision denying his request for CR 11 sanctions against Kruger and Wathen in the form of an award of attorney's fees incurred in connection with his motion to vacate. He contends Kruger and

15

Wathen violated CR 11 by misrepresenting the nature and extent of Kruger's damages to obtain inflated default judgments. A decision under CR 11 is reviewed for abuse of discretion. Just Dirt, Inc. v. Knight Excavating, Inc. et al., 138 Wn. App. 409, 417, 157 P.3d 431 (2007).

As set out above, there is substantial evidence in the record of misrepresentation or fraud in Kruger's motion seeking an amended default judgment. Accordingly, we conclude that the trial court abused its discretion in denying Moi's motion for fees pursuant to CR 11.[15] We reverse the trial court's CR 11 ruling and remand for the trial court to determine whether, under the facts of this case, an award of attorney's fees or some other sanction is proper.

### Motion to Enforce Judgment in 2006 Case

Moi contends the trial court erroneously denied his motion to enforce its February 2007 order to the extent it required Kruger to transfer Parcel B to Moi. We review this issue for abuse of discretion.[16] Below, Moi argued that Kruger's refusal to transfer the property prevented Moi from selling Parcel B and paying Kruger. Kruger argued he would transfer the property when Moi paid the

---

[15] We note that the trial court later recognized, in its May 2012 ruling denying Kruger's request for attorney's fees, that Kruger had not set forth any basis for an award of attorney's fees:

> It is clear from a reading of the record and pleadings that attorneys fees have been entered by the commissioners in the 2/23/10 and 5/03/10 default judgments. However, no legal basis was set out for such. The 2/7/12 order amending the default judgment clarified the prior orders, but again, made no finding for the basis of the award of attorneys fees.

CP at 1632.

[16] Kruger contends a decision in regard to a default judgment is within the sound discretion of the trial court, citing Morin, 160 Wn.2d at 753. Morin states that a decision on a motion for default judgment is reviewed for abuse of discretion but not that the standard applies to a decision to enforce or not to enforce an order obtained on default. Nonetheless, Moi does not contest the application of the abuse of discretion standard.

judgment. Moi argued that the order did not place any conditions upon the transfer requirement.

We reject Moi's claim and agree with the trial court's well-reasoned order, which states:

> Defendant concedes he is in default with respect to the agreement between the parties, and the monetary judgment against him remains unpaid. Plaintiff is prepared to convey parcel B to Defendant, as soon as he pays the money judgment owing Plaintiff. At this point the loan to support the purchase of both parcels is secured by the two parcels. It would be inequitable to require parcel B to be conveyed to Moi when he has not done equity, and remains in complete violation of the agreement between the two parties.

CP (06) at 220-21. As Kruger notes, he bore almost all of burden of the joint venture for nearly a decade. His efforts prevented the parties' joint loan from going into default. The trial court acted within its discretion in refusing to order Kruger to transfer half of the property to Moi until Moi satisfied the default judgment in the 2006 case. Moi cites no authority stating it is an abuse of discretion for a trial court not to enforce an order under these circumstances.

## Kruger's Motion for Attorney's Fees after Amended Default Judgment

Kruger cross-appeals from the trial court's ruling denying his request for attorney's fees, made after entry of the amended default judgment.[17] We reject this claim. The trial court correctly noted that the complaint did not allege the existence of an attorney-fee provision or a written agreement between the parties. The court properly declined to order additional attorney's fees.

---

[17] The trial court's ruling was without prejudice. The court indicated in its order that because of the appeal pending before this court, it was amenable to making an award of attorney's fees if this court indicated such fees were proper.

## Attorney's Fees on Appeal

Both parties request attorney's fees on appeal. Kruger makes the request under the parties' alleged written agreement, equitable principles, and RAP 18.9(a).[18] Moi requests fees under CR 11. We deny both requests. Kruger does not prevail on appeal and never pleaded below the existence of an agreement with an attorney-fee provision. Furthermore, Moi's appeal is not frivolous, so fees are not proper under RAP 18.9(a). Moi's request is denied because, as an initial matter, CR 11 is a superior court rule that "does not explicitly authorize us to award sanctions." Schorno v. Kannada, 167 Wn. App. 895, 904, 276 P.3d 319, rev. denied, 175 Wn.2d 1018, 290 P.3d 994 (2012). Moreover, Moi does not explain why Kruger has violated the rule through his briefing on appeal.

## Conclusion

We reverse the amended default judgment as to damages and remand for further proceedings consistent with this opinion. Because we reverse the amended default judgment in part, the trial court's February 7, 2012 order granting Kruger's motion for entry of a judgment summary and its March 22, 2012 order granting Kruger's motion for order to clerk for issuance of writ must also be reversed.[19] We affirm the trial court's denial of Moi's motion to enforce the judgment in the 2006 case and its denial of Kruger's motion for attorney's

---

[18] RAP 18.9(a) permits this court to order a party or counsel who uses the rules of appellate procedure for the purpose of delay or files a frivolous appeal to pay terms to another party who has been harmed.

[19] Given our disposition of Moi's appeal of the trial court's order granting Kruger's motion to correct the amended default judgment, Moi's pending motion before this court to "deny entry of corrected amended default judgment" is moot.

fees after entry of the amended default judgment. We award no attorney's fees on appeal.

*Reversed in part, affirmed in part, and remanded.*

WE CONCUR: