SCEVA STEEL BUILDINGS, INC., *Appellant*, v. HENRY WEITZ *et al., Respondents.**

*Clarence M. George*, for appellant.

*T. G. Patterson*, for respondents.

PER CURIAM.—This appeal involves the question of whether the trial court, in a decree and judgment of lien foreclosure entered on default, granted a remedy substantially in excess of or different from that sought in the complaint.

Henry Weitz and Rudolph E. Kring, at all times material to this cause, were purchasing seven lots in Corbin Addition to Greenacres, Spokane County, from Gordon M. Ketteman under an executory contract of conditional sale. Before completing the payments called for by this contract and while in its performance, they bought a steel building from plaintiff, Sceva Steel Buildings, Inc., to be erected by the plaintiff on the land they were buying from Ketteman. On the agreed price of $3,858.40, they made a down payment of $1,050, leaving a balance due of $2,808.40.

Sceva erected the building, anchoring it securely to the ground by means of 16 steel posts sunk into holes to a depth

*Reported in 401 P.2d 980.

of 24 to 30 inches and around which was poured concrete to form footings. When Weitz and Kring failed to pay the remaining $2,808.40 due on the purchase price of the building, Sceva filed notice of labor and material lien and brought action to foreclose same, alleging Weitz and Kring to be the owners or reputed owners of the seven lots on which the building had been erected. Weitz and Kring, apparently assuming that Ketteman's superior interest in the land as their vendor would in some degree protect them from the removal of the building, allowed judgment and decree of foreclosure to be taken against them by default.

Without further notice to Weitz and Kring, plaintiff Sceva presented and the court entered a default judgment and decree of foreclosure on April 5, 1961, not against the land but on the building only, directing the sheriff to sell the building—thus changing plaintiff's theory and remedy. Pursuant to writ of execution issued April 12, 1961, the sheriff of Spokane County sold the building to plaintiff Sceva, the only bidder, for $10 on May 5, 1961.

Sceva shortly thereafter sold the building to a third person, and then realizing that the judgment and decree of foreclosure did not permit the removal of the building from the land, again without notice to Weitz and Kring, presented what is designated as a corrected judgment and decree of foreclosure July 14, 1961, allowing the sheriff to again sell the building, as had already been done, and giving the purchaser at sheriff's sale the authority to go upon the land and remove the building therefrom.

But before obtaining the so-called corrected judgment and decree, Sceva had gone upon the land and by means of cutting torches severed the 16 steel posts from their concrete footings, leaving the unsightly footings and hollow steel stumps in the land. Plaintiff delivered the building to the new purchaser. Thereafter, by means of successive garnishments, Sceva recovered $3,663.84 against Weitz on its deficiency judgment in addition to the $1,050 down payment, and also received the purchase price on the resale.

Weitz and Kring first learned of the corrected judgment

when they observed that the building had been removed. They promptly brought this petition to vacate and set aside both the judgment and decree of foreclosure of April 5, 1961, and the amended or corrected judgment and decree of July 14, 1961. From an order of the court in the same cause vacating and setting aside these decrees as void, Sceva brings this appeal.

The trial court found as a fact that the steel building erected by Sceva upon the land was so firmly and permanently affixed to the realty by means of the 16 concrete embedded steel posts as to be a part of the realty, and that when the building was removed from the land by severing the steel posts from their concrete implacements with cutting torches, the plaintiff actually removed the building from land of which it was a part.

Thus, after default, without notice to the defendants, the plaintiff changed its theory and obtained a relief not contemplated in the complaint served. Plaintiff changed its remedy from that of a lien foreclosure against the land on which defendants had certain ameliorating rights to a suit in the nature of foreclosure of a chattel lien.

We agree with the trial court that, in taking a judgment and decree of foreclosure allowing the plaintiff or its successors in ownership to go upon the land and remove the building therefrom, the remedy provided by the court exceeded and differed from the one expressly sought in the complaint. One has a right to assume that the relief granted on default will not exceed or substantially differ from that described in the complaint and may safely allow a default to be taken in reliance upon this assumption.

In *Stablein v. Stablein,* 59 Wn.2d 465, 368 P.2d 174 (1962), we said:

"A default judgment cannot exceed the demand of the complaint. . . ."

citing a host of cases in support of that principle. The Restatement, Judgments, affirms this rule:

Even though the State has jurisdiction over the parties and even though the court is one with competency to

render the judgment, a judgment by default is void if it was outside the cause of action stated in the complaint and if the defendant was not given a fair opportunity to defend against the claim on which the judgment was based. Restatement, Judgments § 8 (c).

The judgment here, being in excess of and containing a relief not sought in the complaint and the defendants having received no notice of such a change in theories or remedies sought, was therefore void.

The order vacating it and setting it aside is, therefore, affirmed.

[No. 37507.    Department One.    May 13, 1965.]