[No. 757-1.    Division One—Panel 1.    July 10, 1972.]

GABRIEL E. FONSECA et al., *Respondents*, v. GORDON L. HOBBS et al., *Appellants*.

*Chas. H. W. Talbot,* for appellants.

*Lee, Carney, Smart & Bever* and *Herman S. Siqueland,* for respondents.

HOROWITZ, C.J.—Defendants Hobbs appeal from a default judgment entered in favor of plaintiffs Fonseca. The question raised is whether the judgment is invalid because based on findings and conclusions claimed to be beyond the allegations of the complaint and because entered during the pendency of an undisposed motion to set aside the prior order of default on the basis of which the default judgment was entered.

On August 7, 1969, plaintiffs filed a complaint against the defendants Hobbs and others entitled "Complaint for Breach of Contract and Fraud Damages." Paragraphs 4 and 5 allege:

IV

That in November of 1968, the plaintiffs and the defendant Gordon L. Hobbs entered into a contractual arrangement whereby said defendant was to build a residence for plaintiffs in accordance with plans and specifications of the plaintiffs' choosing and on property selected by the plaintiffs. That at the time of entering into the said contractual arrangement, the defendant Gordon L. Hobbs and his said marital community were financially solvent and responsible.

V

That on or about February 24, 1969, at a time when the defendant Gordon L. Hobbs and his said marital community knew or reasonably should have known that he and his said marital community were insolvent and would be unable to perform their obligations under the said contractual arrangement, and without knowledge of the plaintiffs as to such financial impairment . . . defendant Gordon L. Hobbs acquired title to the plaintiffs' then existing residence and real property comprising that residence and immediately obtained funds from third parties by giving a mortgage lien on the said property,

refinancing the then existing mortgage of the plaintiffs on that property, with the result that the mortgage lien encumbrances against that property were increased in the approximate sum of $4,000, and the interest rate on the obligation underlying that mortgage was increased from the rate of 5.75% to the rate of 7.75%, all to the plaintiffs' damage in an amount which will be proven at the time of trial of this action.

The record, to the extent material here,[1] shows that after the service and filing of the complaint, defendants, on November 17, 1969, filed a notice of appearance. They took no further action in the lawsuit. As a result, on May 1, 1970, after due notice and no one appearing in opposition, plaintiffs obtained an order adjudging defendants to be in default. On May 15, 1970, defendants filed and, apparently on May 19, 1970, served on plaintiffs' attorneys, a motion to set aside the May 1, 1970 default order, noting the hearing date for May 27, 1970 at 10 a.m.

On May 21, 1970, plaintiffs served on defendants' attorneys a copy of proposed findings, conclusions and judgment, an affidavit detailing and computing the damages alleged in the complaint, and an affidavit opposing defendants' motion to set aside the default order. At the same time, plaintiffs gave defendants written notice that the hearing on the entry of the findings, conclusions and judgment would be had on May 27, 1970 at 10 a.m. Thereafter, counsel for each party agreed that the hearing dates previously noted for May 27 would be continued to June 11, 1970.

On June 11, 1970 at 10 a.m., no one appeared for defendants on the matters noticed for hearing on that date. Plaintiffs presented testimony on the basis of which they requested entry of their previously served proposed findings, conclusions and judgment. At the conclusion of the hearing, the court granted the request.

---

[1] We rely on the transcript, supplemented by the clerk's file below, and on unchallenged statements both in the briefs on appeal and in affidavits filed on behalf of the respective parties in connection with the hearing on an earlier motion in this court in the course of this appeal.

Finding 3 reads:

That on or about February 24, 1969, the defendant Gordon L. Hobbs acquired title from the plaintiffs to the plaintiffs' existing residence . . . in accordance with the contractual agreement of November of 1968; however, the defendant Gordon L. Hobbs at the time he acquired such title knew or reasonably should have known that he and his said marital community were insolvent and unable to perform their obligations under the contractual arrangement of November, 1968, but wholly failed to advise plaintiffs of the defendant Gordon L. Hobbs' impaired financial condition. Rather, upon obtaining such title, the defendant Gordon L. Hobbs immediately placed a mortgage lien of $19,100 on the existing residence of the plaintiffs, refinancing the then existing mortgage of $15,500 of the plaintiffs on that property with a resultant increase in the mortgage lien encumbrance against the property in the sum of $3,600.00 and with an increased interest rate from 5.75% to 7.75%. Further, the defendants Hobbs failed to use the funds so obtained for purposes of their contract with the plaintiffs, but instead diverted such proceeds of the mortgage to other, unrelated uses unknown to the plaintiffs.

Conclusions 1 and 2 read:

1. That the defendant Gordon L. Hobbs and his said marital community, wrongfully and knowingly obtained property of the plaintiffs by means of false and fraudulent pretenses in that at the time of obtaining title to the plaintiffs' existing residence, refinancing the same and diverting the proceeds of the refinancing, the defendant Gordon L. Hobbs knew of his financially embarrassed position and his then inability to perform his obligations under the contract.

2. That the plaintiffs are entitled to judgment against the defendant Gordon L. Hobbs and the marital community composed of Gordon L. Hobbs and Judith A. Hobbs, his wife, in the sum of $6,080.00 plus plaintiffs' costs and disbursements herein to be taxed.

■ Defendants contend the entry of the default judgment was premature because there was then pending defendants' undisposed-of motion to set aside the order of default earlier entered. The record shows that no one appeared on defendants' behalf at the time of the hearing on

the agreed June 11, 1970 hearing date, either with respect to the motion to set aside the default order or the entry of the proposed findings, conclusions and judgment. No one appearing on defendants' behalf, the trial court had a right to assume, in the absence of any notice to the contrary, that the defendants were no longer interested in pursuing their motion and, accordingly, had no objection to the entry of the proposed findings, conclusions and judgment, a copy of which had been served upon them in ample time to make any objections they may have had. By entry of the proposed findings, conclusions and judgment, the court in effect denied the defendants' motion to set aside the order of default.

Defendants further claim that the judgment entered provided a remedy to the plaintiffs substantially in excess of or different from that sought in the complaint and that, accordingly, the judgment was erroneously entered. They rely particularly on *Sceva Steel Bldgs., Inc. v. Weitz*, 66 Wn.2d 260, 401 P.2d 980 (1965), and *Ermey v. Ermey*, 18 Wn.2d 544, 139 P.2d 1016 (1943). The complaint, it is contended, called for damages solely on the theory of breach of contract. The judgment entered, as shown by the findings and conclusions, was based upon defendants' "false and fraudulent pretenses." Defendants argue that the relief exceeds that called for by the complaint because liability for damages based on breach of contract creates a debt dischargeable in bankruptcy, whereas liability for damages based on "false pretenses" or "false representations" creates a debt not so dischargeable. Bankruptcy Act, 11 U.S.C. § 35.

Plaintiffs, in response, argue that paragraphs 4 and 5 of the complaint permit recovery for "false and fraudulent pretenses" on the basis of fraudulent concealment of a material fact which it was the defendant contractor's duty to disclose—a theory supportable by the legend on the face of the complaint—and that such fraudulent concealment warranted the entry of conclusions 1 and 2. They rely upon the doctrine of *Oates v. Taylor*, 31 Wn.2d 898, 199 P.2d 924

(1948), and *Perkins v. Marsh,* 179 Wash. 362, 37 P.2d 689 (1934). As shown by the additional cases cited in the margin,[2] Washington has gone far to recognize the duty to disclose material facts in a business transaction even as between persons dealing at arm's length, and in treating the violation of such a duty as equivalent to a fraudulent representation. However, because we agree with a further contention of plaintiffs, we find it unnecessary to pass upon the contention advanced.

Defendants, well in advance of the June 11, 1970 agreed hearing date, had been served with a copy of the proposed findings, conclusions, judgment, and affidavit detailing the items of damages claimed by the complaint. Defendants did not appear at the hearing to raise any objections they may have had. Under these circumstances, if it be assumed that the judgment entered is substantially in excess of or different from that sought in the complaint, the judgment is nevertheless a valid one. In *Sceva Steel Bldgs., Inc. v. Weitz, supra,* the court said:

> The judgment here, being in excess of and containing a relief not sought in the complaint *and the defendants having received no notice of such a change in theories or remedies sought,* was therefore void.

(Italics ours.) 66 Wn.2d at 263. In *Rippe v. Doran,* 4 Wn. App. 952, 486 P.2d 107 (1971), the court stated:

> We believe that the court has the power to enter a default judgment in excess of the relief sought in the complaint when the defendant has been notified of the change and has been given a fair opportunity to defend against the claim on which the judgment is based.

4 Wn. App. at 959.

The judgment is affirmed.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied September 12, 1972.

---

[2]*Sigman v. Stevens-Norton, Inc.,* 70 Wn.2d 915, 425 P.2d 891 (1967); *Boonstra v. Stevens-Norton, Inc.,* 64 Wn.2d 621, 393 P.2d 287 (1964); *Obde v. Schlemeyer,* 56 Wn.2d 449, 353 P.2d 672 (1960), noted in 36 Wash. L. Rev. 202 (1961); *Ikeda v. Curtis,* 43 Wn.2d 449, 261 P.2d 684 (1953). *See Haugen v. Neiswonger,* 34 Wn.2d 422, 209 P.2d 267 (1949).