IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| PATRIOT GENERAL INSURANCE COMPANY, a foreign corporation, | ) ) ) | No. 32109-6-III |
| Petitioner, | ) ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| JORGE GUTIERREZ and JANE DOE GUTIERREZ, and their marital community, and JAVIER GUTIERREZ, | ) ) ) ) | |
| Respondents. | ) ) | |

FEARING, J. — We granted discretionary review of the trial court's summary

judgment ruling that Javier Gutierrez is an insured for purposes of underinsured motorist

coverage on an automobile insurance policy purchased from Patriot General Insurance by

Jorge Gutierrez, Javier's father. Patriot General insists that Javier is not an insured

because Jorge failed to disclose him, on his initial insurance application, as a member of

Jorge's household over the age of 14 years. We affirm summary judgment based on policy language that qualifies Javier as an "insured person," despite his father's failure to disclose him.

## FACTS

On August 11, 2010, Jorge Gutierrez applied for car insurance from Patriot General Insurance Company, through the Tomas Miranda Insurance Agency, a local agency in Walla Walla. The application listed Jorge as the named insured, and Jorge and his wife, Maria Carmona, as authorized drivers. Jorge initialed a paragraph stating that he had listed on his application everyone living with him age 14 or older. That paragraph reads:

> I also certify that all persons age 14 or over who live with me temporarily or permanently and all persons who are regular operators of any vehicle to be insured have been listed on this application and reported to the Company. I declare that there are no operators of the vehicle(s) described in this application unless their names and ages are shown above or are provided in writing to the Company within 14 days of when they begin driving the vehicle(s) described in this application.

Clerks Papers (CP) at 84. The policy application further states:

> I hereby apply to the Company for a policy of insurance as set forth in this application on the basis of statements contained herein. I understand and agree that a routine inquiry may be made which will provide applicable information concerning character, general reputation, personal characteristics, mode of living and credit history. Upon written request, additional information as to the nature and scope of the report, if one is made, will be provided. I understand and agree that such policy shall be cancelled and the benefits available under such policy may be denied if

2

> such information is known to be false and would affect acceptance of the risk or would in any way affect the rating of the risk by the Company.

CP at 84.

At the time of completing the policy application, Jorge Gutierrez's son, Javier, age 18, lived at home with his father. In a declaration opposing Patriot General Insurance Company's summary judgment motion, Jorge Gutierrez testified he desired "full coverage" for his family, and he averred that he relied on Patriot General's agent, Tomas Miranda, to translate and help him complete the application. CP at 106. Jorge is a monolingual Spanish-speaker and insists he did not understand that the application asked him to certify that his children would not be using the vehicles. Jorge Gutierrez recalls telling Tomas Miranda that his son, Javier, and his daughter, Viviana, would also be drivers. Neither party provided information to the trial court as to whether Patriot General would have charged a higher premium for the insurance policy if Jorge Gutierrez had listed his son in the application.

Patriot General issued an auto policy to Jorge Gutierrez with a coverage period running from October 29, 2010 to April 29, 2011. The policy listed only Jorge Gutierrez and Maria Carmona as authorized drivers.

The first page of the twelve-page Patriot General Insurance Company policy provides:

> In return for **your** premium payment and subject to the terms and conditions of this policy, **we** will insure **you** for the coverages up to the

3

limits of liability for which a premium is shown on the Declarations Page of this policy. This insurance applies only to **car accidents** and losses which happen while this policy is in force. This policy is issued by **us** in reliance upon the statements which **you** made in **your** application for insurance. If **you** have made any false statement in **your** application, this policy may not provide any coverage.

CP at 57. The policy includes a separate three-page amended "Underinsured Motorists Coverage Endorsement," which covers injuries caused by an underinsured motorist. In relevant part, the endorsement reads:

> **We** will pay damages for **bodily injury** or **property damage** which an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle**. The **bodily injury** or **property damage** must be caused by a **car accident** and result from the ownership, maintenance or use of an **underinsured motor vehicle**.

CP at 74.

To determine who constitutes "you" and, in turn, an "insured person" under the underinsured motorist endorsement, the reader must first journey to the beginning of the policy and then return to the endorsement. In a policy section titled "DEFINITIONS USED THROUGHOUT THIS POLICY," the policy defines "you" and "your" as

> the person shown as the named insured on the Declarations Page and that person's spouse if residing in the same household. **You** and **your** also means any **relative** of that person if they reside in the same household, providing they or their spouse do not own a **motor vehicle**.

CP at 58. The policy defines "relative" in the paragraph directly below:

> **"Relative"** means a person living in **your** household related to **you** by blood, marriage or adoption, including a ward or foster child. **Relative** includes a minor under **your** guardianship who lives in your household.

4

> *Any **relative** who is age fourteen (14) or older must be listed on the*
> *application or endorsed on the policy prior to a car accident or loss.*

CP at 58 (italics added). Patriot General's policy does not explicitly state that undisclosed relatives are not covered. The underinsured motorist endorsement lists exclusions from coverage, but does not specify whether household members above the age of 14, and not listed on the application or policy, are excluded from coverage.

Additional definitional language, on which we rely, is provided in the underinsured motorist endorsement. The language reads:

> As used in this Part:
> (1) "**Insured Person**" means:
>> (A) **You**.
>> (B) Any other person **occupying your insured car** with **your** permission.
>> (C) Any person for damages that person is entitled to recover because of **bodily injury** to **you** or another occupant of **your car**.
> *No person shall be considered an **insured person** if that person uses a **motor vehicle** without permission of the owner.*

CP at 74 (italics added).

On January 9, 2011, Javier Gutierrez suffered serious injuries as a passenger in a single-car-rollover accident. Javier was 19 at the time of the accident and living with Jorge. The car's driver, Matthew Vincent Lanier, was uninsured. Javier tendered an uninsured motorist claim under the Patriot General Insurance Company policy, which claim Patriot General denied on May 22, 2012. Patriot General denied coverage because

5

Javier was over the age of 14 years, living with Jorge, and not listed on Jorge's policy; and therefore did not qualify as "you."

## PROCEDURE

Patriot General Insurance Company filed an action for declaratory judgment against Jorge and Javier Gutierrez, seeking a declaration that it had no duty to pay uninsured motorist benefits to Javier because he was not covered by Jorge's policy. Javier Gutierrez counterclaimed for coverage, breach of contract, bad faith, and violation of Washington's Consumer Protection Act, chapter 19.86 RCW.

Patriot General filed a motion for summary judgment on the issue of whether Javier Gutierrez was covered by his father's underinsured motorist (UIM) policy at the time of the accident. Javier and Jorge Gutierrez opposed the motion. The trial court granted the nonmoving parties Gutierrezes summary judgment because it found that the undisputed facts supported their position. Javier and Jorge Gutierrez were granted judgment "solely to the extent that the Court determines that there is UIM coverage for defendant Javier Gutierrez." CP at 163. The trial court determined that the definition of "insured" provided in Washington's casualty insurance statute should be read into the policy and replace the policy's definition of "insured person." The statute provides, in relevant part:

> (5) "Insured" means:
> (a) The named insured or a person who is a resident of the named insured's household and is either related to the named insured by blood,

6

marriage, or adoption, or is the named insured's ward, foster child, or
stepchild.

RCW 48.22.005.

## LAW AND ANALYSIS

On appeal, Patriot General Insurance Company complains that Jorge Gutierrez
failed to list his son Javier as a member of Jorge's household above the age of 14. Patriot
General contends this omission precludes coverage for Javier Gutierrez. Jorge and Javier
Gutierrez argue that the Patriot General policy affords coverage, despite the omission,
because the policy does not expressly exclude from coverage any family member above
the age of 14 not listed in the application. According to the Gutierrezes, Jorge's failure to
disclose Javier to Patriot only amounts to a breach of a duty to disclose and does not
preclude coverage under the plain language of Jorge's car insurance policy.

The Gutierrezes also contend the statutory definition of "insured," under RCW
48.22.005, should be read into Jorge's policy in order to afford Javier uninsured motorist
coverage. Patriot General responds that RCW 48.22.005's definition of "insured" does
not require car insurance policies to provide uninsured motorist coverage to a named
insured's family members. Patriot General contends RCW 48.22.005 only applies to
personal injury protection coverage. We agree with Jorge and Javier Gutierrez that the
language of the insurance policy, without reference to any statute, affords Javier

7

underinsured motorist coverage. Therefore, we do not address the application of RCW 48.22.005.

We agree with the trial court that Jorge and Javier Gutierrez should be granted summary judgment. When, as here, the relevant facts are not in dispute, we may order entry of summary judgment in favor of the nonmoving party. *Impecoven v. Dep't of Revenue*, 120 Wn.2d 357, 365, 841 P.2d 752 (1992); *Leland v. Frogge*, 71 Wn.2d 197, 201, 427 P.2d 724 (1967); *Wash. Ass'n of Child Care Agencies v. Thompson*, 34 Wn. App. 225, 230, 660 P.2d 1124 (1983).

Familiar principles of insurance policy construction compel our ruling that Javier Gutierrez is covered under the Patriot General underinsured motorist endorsement. The interpretation of an insurance policy is a question of law, and summary judgment is appropriate if the contract has only one reasonable meaning when viewed in the light of the parties' objective manifestations. *Port of Seattle v. Lexington Ins. Co.*, 111 Wn. App. 901, 907, 48 P.3d 334 (2002). Insurance policies are to be construed as a whole, with force and effect given to each clause. *Am. Star Ins. Co. v. Grice*, 121 Wn.2d 869, 874, 854 P.2d 622 (1993). "'An inclusionary clause in an insurance contract should be liberally construed to provide coverage whenever possible.'" *Mercer Place Condo. Ass'n v. State Farm Fire & Cas. Co.*, 104 Wn. App. 597, 602, 17 P.3d 626 (2000) (*quoting Riley v. Viking, Ins. Co.*, 46 Wn. App. 828, 829, 733 P.2d 556 (1987). Insurance limitations require clear and unequivocal language. *Bordeaux, Inc. v. Am. Safety Ins.*

*Co.*, 145 Wn. App. 687, 694, 186 P.3d 1188 (2008). If an insurer wants exclusions upheld, it has the burden of drafting them in "clear" and "unequivocal" terms. *Int'l Marine Underwriters v. ABCD Marine, LLC*, 179 Wn.2d 274, 288, 313 P.3d 395 (2013).

Patriot General argues that in order to be an "insured person" entitled to UIM coverage under the car insurance policy it sold to Jorge Gutierrez, a person must meet the definition of "you." We agree. Patriot General further argues that a "relative" can be insured only if the relative is disclosed on the policy's application or endorsement if that "relative" is over the age of 14 and living with the named insured. We disagree. The policy does not expressly state that an undisclosed relative is excluded from being an insured.

Patriot General argues that the sentence, "Any relative who is age fourteen (14) or older must be listed on the application or endorsed on the policy prior to a car accident or loss," should be read as defining who is insured under the policy. CP at 58. We agree that the sentence could be read in this light, but the Gutierrezes' contention that the sentence only imposes a duty to cooperate and does not act as an exclusion is equally plausible.

Patriot General further argues that the relevant sentence is not an exclusion, but rather a permissible limitation on the definition of "insured." Patriot General does not explain the practical difference between a limitation on coverage and an exclusion from coverage.

9

When reading the Patriot General insurance policy as a whole, we side with Javier and Jorge Gutierrez. The Patriot General underinsured motorist endorsement lists nine exclusions from coverage. The list could have, but did not, exclude from coverage injury to a household member above the age of 14 who was not listed on the application.

An important comparison of insurance policy language must be mentioned. In the underinsured motorist endorsement's additional definitions, the policy reads: "No person shall be considered an **insured person** if that person uses a **motor vehicle** without permission of the owner." CP at 74. If Patriot General wished to limit the definition of "insured" to achieve the meaning it advances on appeal, it could and should have drafted language that reads: "No **relative** shall be considered an **insured person** if that person is age fourteen (14) or older and not listed on the application or policy endorsement." It did not.

In addition, the first page of the Patriot General Insurance Company auto policy provides, in part: "This policy is issued by **us** in reliance upon the statements which **you** made in **your** application for insurance. If **you** have made any false statement in **your** application, this policy *may* not provide any coverage." CP at 57 (italics added). Significantly, the language does not read: "If **you** made any false statement in **your** application, this policy *shall* not provide any coverage." The policy does not tell the insured under what circumstances a false statement may lead to loss of coverage.

Finally, Jorge Gutierrez's application read, in part:

> I hereby apply to the Company for a policy of insurance as set forth in this application on the basis of statements contained herein. . . . I understand and agree that such policy shall be cancelled and the benefits available under such policy may be denied if such information is known to be false and would affect acceptance of the risk or would in any way affect the rating of the risk by the Company.

CP at 84.

Patriot General forwarded no evidence before the trial court that Jorge Gutierrez knew of any false statement. Nor did it provide evidence that Jorge's risk rating would change based on the fact that his two teenage children resided with him.

In short, Patriot General controlled the language in its auto policy. The Gutierrezes played no role in drafting the language. If Patriot General wished to exclude underinsured motorist coverage to a household member, above the age of 14, who was not disclosed in the application for insurance, Patriot General could have expressly so stated in the policy. We will not assist Patriot General in rewriting the policy.

Both Javier and Jorge Gutierrez seek recovery of reasonable attorney fees and costs on appeal against Patriot General Insurance Company. We agree they are entitled to this recovery under *Olympic Steamship Co. v. Centennial Insurance Co.*, 117 Wn.2d 37, 52-53, 811 P.2d 673 (1991) since they were required to litigate to gain coverage under the Patriot General insurance policy.

11

No. 32109-6-III
*Patriot Gen. Ins. v. Gutierrez*

CONCLUSION

We affirm the trial court's declaration of coverage for Javier Gutierrez under the Patriot General insurance policy. We direct that this court's commissioner review Javier and Jorge Gutierrez's applications for fees and costs and to award a reasonable sum to both. We thereafter remand to the superior court for further proceedings.

_____
Fearing, J.

WE CONCUR:


_____
Siddoway, C.J.


_____
Korsmo, J.

12