IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LORRAINE FRANULOVICH, a single person, | ) ) ) | No. 77697-5-I |
| | ) ) | DIVISION ONE |
| Appellant, | ) ) | UNPUBLISHED OPINION |
| v. | ) ) | |
| | ) | |
| LUBJICA FRANULOVICH SPAHI, Personal Representative of the Estate of Anthony "Tony" Franulovich, | ) ) ) ) | |
| | ) | |
| Respondent. | ) ) | FILED: March 18, 2019 |

ANDRUS, J. — Lorraine Franulovich challenges a trial court order invalidating the default judgment she obtained against her ex-husband. Because the default judgment exceeded the relief she requested in her dissolution petition, we affirm.

## FACTS

Lorraine[1] married Anthony "Tony" Franulovich in 1997, and filed for divorce in 2009. In the dissolution petition, Lorraine asked the court to fairly and equitably divide the couple's property, debts, and liabilities. Lorraine did not request a monetary judgment against Tony, did not allege she had used her wages to pay Tony's separate debts, and did not claim an entitlement to a portion of his separate property.

---

[1] This opinion uses parties' first names where necessary to avoid confusion.

A process server personally served Tony with the summons and petition. Tony never responded to the petition, and no attorney appeared on his behalf.

On September 20, 2010, Lorraine filed a motion for an order of default and a notice of presentation of a default judgment, noting the hearing for October 29, 2010. The pleadings, along with proposed findings of fact and conclusions of law and a proposed dissolution decree, were mailed to Tony on October 8, 2010. For the first time, Lorraine included a request for a $750,000 judgment against Tony, to be secured by his separate property. In an affidavit supporting the requested judgment, Lorraine represented that she had paid for Tony's medical bills, for repairs to their home that Tony's family held in trust, and for repairs and upkeep on Tony's fishing boat. She estimated she had spent $750,000 of her wages for Tony's support and care during their 12-year marriage. Lorraine's affidavit stated that an accounting was attached to the affidavit, but none was filed with the court. The declaration of mailing did not list this affidavit as included in the pleadings mailed to Tony, but Lorraine's divorce attorney and his paralegal submitted declarations confirming the affidavit had been sent to Tony both before and after entry of judgment.

Tony failed to appear, and the default order and decree, including the $750,000 monetary judgment, were entered. Counsel then mailed the final documents to Tony in November 2010. Tony took no action to contest the validity of the decree or the judgment.

Tony died in 2016. Lubjica Franulovich Spahi, Tony's sister and the personal representative for his estate, opened a probate in Skagit County.

Lorraine filed a creditor claim for the money judgment, plus accrued interest. Spahi rejected the claim.

Lorraine filed suit against Spahi seeking to have the court recognize the judgment as valid and enforceable. Lorraine also asked the court to declare her creditor's claim valid and to declare Spahi's denial of the claim invalid.

Lorraine filed a motion for partial summary judgment in which she asked the court to rule that the money judgment was valid. The trial court denied Lorraine's motion and granted summary judgment in favor of Spahi. The trial court found no material questions of fact as to several key events:

3. A monetary judgment was not prayed for in the petition filed by [Lorraine] in the divorce action.

4. An amended petition containing a request for a monetary judgment was never filed.

5. On October 8, 2010, [Lorraine's] attorney mailed a note for calendar, affidavit of jurisdictional facts, motion and declaration for default, proposed order of default, findings of fact and conclusions of law, and a decree of dissolution to [Tony] in support of [Lorraine's] motion for default judgment. Some of those orders included [Lorraine's] proposed judgment amount of $750,000.

6. [Lorraine's] "affidavit of petitioner in support of judgment" set forth general reasons why she believed she was entitled to a $750,000 judgment.

7. [Tony] never appeared in the dissolution case.

8. In addition to dividing the couple's assets and debts, the court awarded a $750,000 judgment against [Tony] in favor of [Lorraine] on October 29, 2010.

. . . .

11. Neither [Tony] nor his estate moved the court in the dissolution case to vacate judgment.

-3-

The trial court concluded Lorraine obtained relief exceeding that requested in her dissolution petition, and because Tony had not appeared in the case, the civil rules required Tony to be personally served with an amended petition seeking such relief before Lorraine could obtain a monetary judgment against him. Because Tony had not been personally served with an amended petition, the court determined it had lacked personal jurisdiction over Tony, rendering the monetary judgment void. The court rejected Lorraine's invocation of res judicata, holding res judicata did not apply because Tony was not a party to the dissolution action for purposes of the judgment. The court invalidated Lorraine's judgment and dismissed her complaint. Lorraine appeals.

## ANALYSIS

Lorraine first argues that Spahi and Tony's estate lack standing to challenge the validity of the judgment. Standing is a threshold issue we review de novo. In re Estate of Becker, 177 Wn.2d 242, 246, 298 P.3d 720 (2013). We conclude Spahi has standing to challenge the validity of the judgment.

First, Spahi has standing under Washington probate law. Judgment creditors may not enforce a judgment against a deceased judgment debtor and must submit the judgment as a creditor claim to the personal representative. RCW 11.40.130. A claim is unenforceable against a decedent's estate if it is not based on an obligation recognized by law as valid. Cissna v. Beaton, 2 Wn.2d 491, 496, 98 P.2d 651 (1940). Spahi, as the personal representative, is statutorily required to determine whether creditor claims are due and to accept or reject such claims in good faith. RCW 11.40.070-.080; see also RCW 11.40.100 (personal

- 4 -

representative has legal authority to accept, reject, or compromise claims, even if "not due," if in the best interest of the estate); RCW 11.48.010 ("The personal representative shall collect all debts due the deceased and pay all debts as hereinafter provided."). Spahi has the legal right and duty under probate law to challenge the validity of any judgment entered against the decedent. See In re the Estate of Shea, 69 Wn.2d 899, 901, 421 P.2d 356 (1966) (administrator of estate must "protect the estate from invalid and doubtful claims and obligations").

Second, Lorraine invoked the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW, in her complaint against Spahi. TEDRA provides a framework for judicial and non-judicial resolution of trust and estate disputes. Becker, 177 Wn.2d at 246; see also RCW 11.96A.010. RCW 11.96A.030(5)(c) identifies the personal representative as a "party" who has an "interest" in the subject of the proceeding. Lorraine seeks to force Spahi to pay a debt she claims is owing to her. Spahi as a party to the TEDRA action has standing to defend that claim. We conclude Spahi has standing to challenge the validity of Lorraine's default judgment.

Next, Lorraine argues the trial court erred in granting summary judgment to Spahi. The panel reviews a summary judgment order de novo. McDevitt v. Harborview Med. Ctr., 179 Wn.2d 59, 64, 316 P.3d 469 (2013). Summary judgment is proper if there are no genuine issues of material fact. Lowman v. Wilbur, 178 Wn.2d 165, 168-69, 309 P.3d 387 (2013). When the relevant facts are not disputed, summary judgment may be entered in favor of the nonmoving party. Patriot Gen. Ins. Co. v. Gutierrez, 186 Wn. App. 103, 110, 344 P.3d 1277 (2015);

see also Impecoven v. Dep't of Revenue, 120 Wn.2d 357, 365, 841 P.2d 752 (1992).

When entering a default judgment, "a court may not grant relief in excess of or substantially different from that described in the complaint." In re the Marriage of Leslie, 112 Wn.2d 612, 617, 772 P.2d 1013 (1989); see also CR 54(c) ("A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."). A court lacks jurisdiction to grant by default any relief beyond that sought in the complaint because granting such relief without notice and an opportunity to be heard denies procedural due process. Leslie, 112 Wn.2d at 617-18. If a default judgment exceeds the relief sought in the complaint, that portion of the judgment is void. Id. at 618. Void judgments may be challenged at any time. Id. at 620; see also In re the Marriage of Powell, 84 Wn. App. 432, 438, 927 P.2d 1154 (1996) (immaterial whether husband moved to vacate dissolution decree because portion of decree ordering him to pay for child's medical insurance was void).

Lorraine argues the trial court erred in finding her money judgment exceeded the relief she requested in her dissolution petition. She asserts the petition was necessarily vague, putting Tony on notice that all possibilities were open to the court. She also contends her motion for a default judgment merely added more specificity to what she originally sought in the petition—an equitable division of assets. We disagree.

Lorraine did not request a money judgment in her petition and did not allege she was entitled to any portion of Tony's separate property. Her case is thus

analogous to Powell, in which a wife moved for entry of judgment against her ex-husband for nonpayment of a $200 per month equalization distribution she obtained by default. 84 Wn. App. at 434-35. The court concluded the wife's published summons, which only asked that the parties' assets and liabilities be divided, did not request an equalization payment, and the decree thus exceeded the relief she had requested. Id. at 437.

Similarly, in Johnson v. Johnson, 107 Wn. App. 500, 27 P.3d 1203 (2001), the court invalidated a default $140,000 monetary judgment against the ex-husband. Id. at 504. The court did so because the petition did not allege that the husband should owe the wife a $140,000 debt, that judgment should be entered on that debt, or that the husband should secure that debt by executing a deed of trust on the family home. Id. These substantial variations in the decree meant the petition provided inadequate notice, violating the husband's due process rights. Id.

Lorraine's monetary judgment, like those in Powell and Johnson, exceeded the relief she sought in her dissolution petition and is thus void.

Lorraine relies on Allison v. Boondock's, Sundecker's & Greenthumb's, Inc., 36 Wn. App. 280, 673 P.2d 634 (1983), to support the validity of the judgment but that reliance is misplaced. Allison was a personal injury case subject to the special pleading limitations of RCW 4.28.360.[2] The holding of Allison cannot be extended to dissolution cases to which RCW 4.28.360 does not apply.

---

[2] "In any civil action for personal injuries, the complaint shall not contain a statement of the damages sought but shall contain a prayer for damages as shall be determined." RCW 4.28.360.

Lorraine next argues the judgment should not be invalidated because her attorney mailed the proposed default judgment to Tony before the hearing, thus satisfying due process. But CR 5(a) precludes Lorraine from relying on service by mail. Generally, if a party asserts a new claim for relief, a trial court lacks personal jurisdiction over an opposing party who has not appeared unless he is personally served with a new summons. See CR 5(a) ("No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in rule 4.") (emphasis added); In re the Marriage of Markowski, 50 Wn. App. 633, 636-37, 749 P.2d 754 (1988) (trial court lacked personal jurisdiction over husband for entry of dissolution decree because wife filed petition for dissolution asserting claims not asserted in petition for legal separation and failed to serve a new summons, consistent with CR 5(a)).

Lorraine argues Fonseca v. Hobbs, 7 Wn. App. 235, 498 P.2d 894 (1972), controls the question of when delivery of default moving papers satisfies due process standards. Fonseca stands for the unsurprising proposition that if a defendant has counsel of record, delivery of a motion for default judgment on counsel is sufficient notice to render a subsequent default judgment valid, even though the motion seeks relief not set out in the original complaint. Id. at 239. This holding makes sense because CR 5(b)(1) permits a party to deliver motions and supporting documents on counsel of record. And if counsel receives the motion and takes no action, the trial court has "a right to assume, in the absence of any

notice to the contrary, that the defendants . . . [have] no objection to the entry of the proposed findings, conclusions and judgment." Id.

Fonseca did not address the entry of a default judgment against a party for whom no counsel has appeared. Nor did it address CR 5(a), which explicitly requires service of process pursuant to CR 4 when a party seeks a default judgment based on new or additional claims for relief. Tony, unlike the defendants in Fonseca, was unrepresented, and no attorney had appeared on his behalf.

Lorraine also relies on Leslie to argue that mailing copies of the final decree and judgment to Tony after the fact sufficed to provide due process. Leslie, however, does not support her argument. In that case, the wife obtained a default dissolution decree, requiring the husband to provide medical insurance coverage for the parties' minor child and to pay the child's uninsured medical expenses. 112 Wn.2d at 614. The wife's petition did not seek this relief. Id. Several years later, the wife filed a petition to modify the decree to increase child support and, through an amended petition, asked the court to modify the decree to require the husband to pay for the child's orthodontic work. Id. at 614-15.

The husband challenged the default decree's medical insurance and expense requirement. Id. at 615. The Supreme Court invalidated those portions of the decree as exceeding the relief sought in the petition, even though the husband by then knew of the financial obligation in the original decree. Id. at 620-21. But it upheld the order modifying the decree to include a duty to pay for the child's orthodontic treatments because the order was obtained as a result of a valid

modification of the decree, entered after a hearing in which both parties participated. Id. at 621.

Mailing Tony copies of the finalized default decree and judgment is not analogous to the modification hearing process that occurred in Leslie. Tony never appeared or participated in the dissolution case, unlike the husband in Leslie. Cf. Markowski, 50 Wn. App. at 637-38 (party who does not appear to defend cannot waive jurisdictional argument).

Finally, Lorraine argues the trial court erred in concluding the doctrine of res judicata was inapplicable. Our review of the trial court's legal conclusion is de novo. Ensley v. Pitcher, 152 Wn. App. 891, 899, 222 P.3d 99 (2009). A threshold requirement of res judicata is a valid judgment. Id. Because the judgment is void under Powell and Johnson, res judicata does not apply.

Affirmed.

Andrus, J.

WE CONCUR:

- 10 -