[No. 35777.   Department One.   January 18, 1962.]
COLLEEN RUGG STABLEIN, *Appellant,* v. WILLIAM G. STABLEIN, *Respondent.**

*Irene Rush Ferris* and *Donna McArthur,* for appellant.

*Bennett Hoffman,* for respondent.

FOSTER, J.—Appellant wife obtained a default divorce from the respondent in September, 1957. Her complaint demanded child support of $25 per month until respondent, a third-year university student, completed his formal education, and $50 per month thereafter. The court's decree allowed $25 per month for one year and $65 per month thereafter.

In May, 1960, appellant instituted contempt proceedings alleging that respondent had failed to make the required support payments. Her supporting affidavit stated that since 1957 respondent had paid only $334, and this irregularly.

No evidence was received on the contempt charge, and, at the conclusion of the proceedings, the court ruled that respondent was not in contempt but that monthly payments of $50 should commence forthwith.

*Reported in 368 P. (2d) 174.

Appellant contends that the court erred by failing to hold respondent in contempt, by failing to give effect to the support provisions of the 1957 decree, and by modifying the support provisions of that decree.

■ Enforcement of such an order by contempt is proper absent a showing of inability to perform[1] We are told that $334 has been paid pursuant to the 1957 decree, but the amounts or the sequence of any payments is undisclosed by the record brought here. We have only a very brief and inadequate agreed statement of facts, and, from this fragmentary record, the reason for the finding that the respondent was not in contempt is a mystery. Nevertheless, we cannot say that the court erred in withholding its coercive power of contempt.

■ A default judgment cannot exceed the demand of the complaint. *Sheldon v. Sheldon,* 47 Wn. (2d) 699, 289 P. (2d) 335; *State ex rel. Adams v. Superior Court,* 36 Wn. (2d) 868, 220 P. (2d) 1081; *Ermey v. Ermey,* 18 Wn. (2d) 544, 139 P. (2d) 1016; *Bates v. Glaser,* 130 Wash. 328, 227 Pac. 15; *State ex rel. First Nat. Bank v. Hastings,* 120 Wash. 283, 207 Pac. 23; *In re Sixth Avenue West,* 59 Wash. 41, 109 Pac. 1052; *In re Groen,* 22 Wash. 53, 60 Pac. 123. If it does so, the *excess* is void. *State ex rel. First Nat. Bank v. Hastings, supra; Bates v. Glaser, supra; Ermey v. Ermey, supra.*

The one-year limitation on the $25 monthly support payments is within the demand of the complaint. However, the provision for the payment of $65 monthly is beyond the prayer, and, therefore, the $15 excess over the demand is void. The court did not modify the 1957 decree by ordering $50 payments to commence immediately, but only restated its valid portions.

Affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.

[1] *Fisch v. Marler,* 1 Wn. (2d) 698, 97 P. (2d) 147; *Phillips v. Phillips,* 165 Wash. 616, 6 P. (2d) 61; *Surry v. Surry,* 78 Wash. 370, 139 Pac. 44; *Croft v. Croft,* 77 Wash. 620, 138 Pac. 6; *State ex rel. Brown v. Brown,* 31 Wash. 397, 72 Pac. 86; *State ex rel. Smith v. Smith,* 17 Wash. 430, 50 Pac. 52.