[No. 55123–5.    En Banc.    May 18, 1989.]

*In the Matter of the Marriage of* BARBARA JEAN LESLIE, *Respondent, and* CHARLES CLAYTON LESLIE, *Petitioner.*

McCormick, Hoffman, Rees, Faubion & Quinn, P.S., by Anthony H. Haselman, for petitioner.

Branfeld, Heslop & Holzman, P.S., and Ronald D. Heslop, for respondent.

SMITH, J.—Petitioner Charles Clayton Leslie seeks review of a decision of the Court of Appeals, Division Two, affirming the trial court's denial of his motion to modify a default dissolution decree or, in the alternative, to relieve him of the portion of the decree requiring him to pay medical expenses.

We reverse the Court of Appeals on its determination that petitioner's motion for relief from the default dissolution decree was untimely under CR 60(b)(5), but affirm the Court of Appeals in denying petitioner's motion for relief and upholding the order of the trial court modifying the dissolution decree.

Petitioner argues that the medical expense portion of the decree is void because it exceeded the relief sought in respondent's petition for dissolution and was not part of the property settlement agreement executed by the parties.

The Court of Appeals affirmed the trial court's denial of petitioner's motions in an unpublished decision, holding that petitioner did not timely file his motion for relief from the dissolution decree. Petitioner contends that the decision of the Court of Appeals, Division Two, conflicts with those of this court and other Divisions of the Court of Appeals and that this case raises an issue of substantial public interest.[1]

The issues presented are (1) whether the trial court may properly enter a default decree of dissolution containing relief neither included in the petition for dissolution of marriage nor contained in the property settlement agreement signed by the parties; and (2) whether the Court of

---

[1] Petitioner's contentions constitute grounds for Supreme Court review of a decision terminating review under Rules of Appellate Procedure 13.4(b)(1), (2), and (4).

Appeals may bar a motion for relief from judgment under CR 60(b)(5) upon a determination that the motion was not brought within a reasonable time where the issue of laches or unreasonable delay was neither pleaded nor argued in the trial court.

On June 13, 1974, the Pierce County Superior Court entered a default judgment in a decree of dissolution dissolving the marriage of Charles Clayton Leslie (petitioner) and Barbara Jean Leslie (Hartman) (respondent). The decree provided, in pertinent part:

> It is further ordered, adjudged and decreed that the respondent be and he is hereby required to provide medical insurance coverage for the minor child, and to pay any sum due, over and above the amount of coverage, for medical care of the child; said sums being paid directly to the doctor, hospital or dentist making the charge and within 30 days of the receipt of the statement.

Respondent Hartman's petition for dissolution did not ask for medical expenses, nor did a September 1973 property settlement agreement signed by the parties provide for medical expenses.

Between 1974 and 1978, a dispute arose between petitioner Leslie and respondent Hartman concerning whether the medical expense clause in the dissolution decree required petitioner to pay for orthodontic treatment. Several proceedings were instituted regarding this provision in 1978. They included actions against petitioner for arrearages in child support, medical expenses and medical insurance. The proceedings were continued to August 25, 1978, after entry of judgment for arrearages on June 21, 1978.[2]

On August 1, 1980, respondent Hartman filed a petition for modification of decree to increase child support and by amended petition requested the court to modify the dissolution decree to require petitioner Leslie to "pay such sums as are necessary for the orthodontic work for the minor

---

[2]The record before us provides no information whether any proceeding occurred on August 25, 1978.

child." The court heard the matter and ruled on the support issue, but deferred ruling on orthodontic expenses pending further discovery.[3] The medical and orthodontic expense and insurance matter remained unresolved in the trial court until 1985.

On June 26, 1985, Pierce County Court Commissioner John B. Krilich entered an order to show cause in this matter. It was heard July 19, 1985. The order to show cause inquired (1) why petitioner Leslie should not pay for orthodontic treatment for the minor child either by paying respondent Hartman or the orthodontist directly; and (2) why petitioner Leslie should not pay for respondent Hartman's reasonable attorney fees incurred in the show cause proceedings.

Petitioner Leslie responded by affidavit asserting that the August 1, 1980, petition to modify had never been heard and thus he had no obligation to pay for orthodontia. After further discovery concerning the financial condition of petitioner Leslie on September 20, 1985, the Honorable Thomas A. Swayze, Jr., entered an order declaring that the dissolution decree encompassed the orthodontic expenses requested by respondent Hartman in her affidavit of June 26, 1985.[4]

In October 1985, petitioner Leslie brought a motion to modify the decree to eliminate the order for orthodontic treatment, and to eliminate the requirement that he provide medical insurance. He argued that the medical expense portion of the dissolution decree was void because it exceeded the relief originally requested in the petition for

---

[3]The support obligation of petitioner Leslie was increased from $75 per month to $200 per month. It is not before us on this appeal.

[4]The record identifies the document referred to as petitioner's "affidavit executed on June 26, 1985." It appears to be included in respondent Hartman's petition for modification and notice of trial amendment, dated August 1, 1980, requesting modification of the dissolution decree, including the requirement that petitioner Leslie pay for orthodontic expenses.

dissolution and was not included in the property settlement agreement.

In January 1986, respondent Hartman brought contempt proceedings against petitioner Leslie for his failure to pay for orthodontic treatment in the amount of $2,700, and asked for a judgment for that amount.

In February 1986, petitioner Leslie brought an amended motion to modify in order to include a motion for relief of judgment, based upon irregularity in obtaining the default decree of dissolution of marriage.

On May 16, 1986, Pierce County Court Commissioner Paul Boyle denied petitioner Leslie's amended motion to modify. He ordered petitioner to pay $650 to Dr. William J. Barrett, orthodontist, by July 16, 1986, and $100 each following month until the full sum of $2,700 was paid.

On July 28, 1986, petitioner Leslie filed notice of appeal.

On September 17, 1986, the Honorable W.L. Brown, Jr., entered judgment against petitioner Leslie in the sum of $2,700 "as an aid to enforcement of [petitioner's] child support obligation herein regarding orthodontia expenses . . ."

On March 26, 1987, petitioner Leslie filed an amended notice of appeal to include the September 17, 1986, enforcement order.

In an unpublished opinion filed March 4, 1988, the Court of Appeals, Division Two, affirmed the Superior Court's denial of petitioner Leslie's motion for relief from the modified dissolution decree. It held that the trial court did not abuse its discretion nor commit error in refusing to relieve petitioner Leslie of his responsibility for "support–related" dental expenses.

The Court of Appeals ruled that petitioner Leslie did not timely file his motion for relief from the dissolution decree, even assuming the challenged provision concerning medical expenses was subject to attack. The Court of Appeals found that petitioner Leslie had notice of all the provisions of the decree of dissolution and had been directed to show cause by an order dated April 24, 1978, which specifically referred

to the challenged provision. It ruled that motions to vacate void judgments under CR 60(b)(5) must be brought within a reasonable time, citing *Allison v. Boondock's, Sundecker's & Greenthumb's, Inc.,* 36 Wn. App. 280, 673 P.2d 634 (1983), *review granted,* 101 Wn.2d 1001, *review dismissed,* 103 Wn.2d 1024 (1984). The Court of Appeals noted that petitioner Leslie had "waited at least eight years after learning of this requirement before taking action" and concluded that "this was not a reasonable time as contemplated by CR 60(b)(5)."

In his motion for reconsideration before the Court of Appeals, petitioner Leslie argued that respondent Hartman had not raised the issue of laches in any responsive pleading before the trial court, and that consequently he never had an opportunity at trial level to present explanations for the delay nor to attack the damages allegedly suffered by respondent Hartman.[5]

The Court of Appeals, Division Two, denied petitioner Leslie's motion for reconsideration by order dated March 29, 1988.

On April 27, 1988, petitioner Leslie filed his petition for review in this court, which we granted on July 5, 1988.

In entering a default judgment, a court may not grant relief in excess of or substantially different from that described in the complaint. *Sceva Steel Bldgs., Inc. v. Weitz,* 66 Wn.2d 260, 262, 401 P.2d 980 (1965); *Stablein v. Stablein,* 59 Wn.2d 465, 466, 368 P.2d 174 (1962); *In re Marriage of Campbell,* 37 Wn. App. 840, 845, 683 P.2d 604 (1984); *In re Marriage of Thompson,* 32 Wn. App. 179, 183–84, 646 P.2d 163 (1982); *Columbia Vly. Credit Exch., Inc. v. Lampson,* 12 Wn. App. 952, 954, 533 P.2d 152 (1975).

Further, a court has no jurisdiction to grant relief beyond that sought in the complaint. To grant such relief without notice and an opportunity to be heard denies procedural due process. *Conner v. Universal Utils.,* 105 Wn.2d 168,

---

[5]Respondent Hartman first raised her laches claim in the Court of Appeals.

172–73, 712 P.2d 849 (1986); *Watson v. Washington Preferred Life Ins. Co.,* 81 Wn.2d 403, 408, 502 P.2d 1016 (1972); *Ware v. Phillips,* 77 Wn.2d 879, 884, 468 P.2d 444 (1970).

To the extent a default judgment exceeds relief requested in the complaint, that portion of the judgment is void. *Stablein,* 59 Wn.2d at 466; *Sheldon v. Sheldon,* 47 Wn.2d 699, 702–03, 289 P.2d 335 (1955); *State ex rel. Adams v. Superior Court,* 36 Wn.2d 868, 872, 220 P.2d 1081 (1950); *In re Marriage of Markowski,* 50 Wn. App. 633, 635, 749 P.2d 754 (1988); *In re Marriage of Hardt,* 39 Wn. App. 493, 496, 693 P.2d 1386 (1985); *Allison,* 36 Wn. App. at 282.

Superior Court Civil Rule 60(b)(5) provides that upon a motion to vacate, a court may relieve a party from a final judgment, order or proceeding if that judgment, order or proceeding is void. A vacated judgment has no effect. The rights of the parties are left as though the judgment had never been entered. *Anacortes v. Demopoulos,* 81 Wn.2d 166, 500 P.2d 546 (1972); *Weber v. Biddle,* 72 Wn.2d 22, 28, 431 P.2d 705 (1967); *In re Estate of Couch,* 45 Wn. App. 631, 634, 726 P.2d 1007 (1986).

In *In re Marriage of Hardt,* 39 Wn. App. 493, 496, 693 P.2d 1386 (1985), the Court of Appeals affirmed vacation of a dissolution decree where, among other reasons, the decree failed to conform to the spouses' stipulation and the decree provided more relief than the petition requested. Further, the Court of Appeals affirmed the vacation and awarded reimbursement to the husband for child support payments he made pursuant to the void decree despite a 5–year lapse of time between entry of the dissolution decree and the husband's motion to vacate it. The court held that void judgments may be vacated irrespective of the lapse of time. *See John Hancock Mut. Life Ins. Co. v. Gooley,* 196 Wash. 357, 370, 83 P.2d 221, 118 A.L.R. 1484 (1938); *accord,* Restatement (Second) of Judgments § 74, comment *a,* at 203 (1982). *See also Brenner v. Port of Bellingham,* 53

Wn. App. 182, 765 P.2d 1333 (1989); *In re Marriage of Maxfield,* 47 Wn. App. 699, 703, 737 P.2d 671 (1987).

In *In re Marriage of Markowski,* 50 Wn. App. 633, 635, 749 P.2d 754 (1988), the Court of Appeals followed the decisions in *Hardt* and *Maxfield* by holding that motions to vacate under CR 60(b)(5) on grounds that the judgment is void may be brought at any time after entry of judgment. In *Markowski,* the trial court vacated a dissolution decree obtained by default and without personal jurisdiction against the out–of–state appellant husband despite the fact that the husband for 1 year had paid court ordered child support and attempted to visit his children pursuant to court ordered visitation under the void decree. The court held that the husband's actions during the 1 year following entry of the default dissolution decree could not be construed as his consent to entry of the decree nor as a waiver of jurisdiction. *Markowski,* 50 Wn. App. at 637.

We agree with the decisions of the Court of Appeals in *Hardt* and *Markowski.* Petitioner Leslie has not waived his right to challenge the default dissolution decree merely because of time lapse or because he may have complied with other of its provisions which were inconsistent with the relief originally sought.[6]

Respondent Hartman contended that petitioner Leslie's motion to modify the dissolution decree and his motion for relief from judgment were untimely and thus barred under the doctrine of laches. The elements of laches are: (1) knowledge or reasonable opportunity by a plaintiff to discover a cause of action against a defendant; (2) an unreasonable delay by the plaintiff in commencing that cause of action; and (3) damage to the defendant resulting from the unreasonable delay. *Buell v. Bremerton,* 80 Wn.2d 518, 522, 495 P.2d 1358 (1972). *See also Valley View Indus. Park v.*

---

[6]For example, petitioner Leslie complied with the decree by paying child support in the amount of $75 per month from July 1, 1974. This amount was inconsistent with the petition and the property settlement agreement (requesting $100 per month).

*Redmond,* 107 Wn.2d 621, 733 P.2d 182 (1987); *Kelso Educ. Ass'n v. Kelso Sch. Dist. 453,* 48 Wn. App. 743, 750, 740 P.2d 889, *review denied,* 109 Wn.2d 1011 (1987).

Respondent Hartman's laches claim is without merit in this case because the void portion of the original decree can be attacked at any time. Further, the order of September 20, 1985, setting forth petitioner Leslie's actual liability for orthodontic expenses, was timely appealed by him on October 3, 1985, in the form of a motion to modify or in the alternative for relief from judgment regarding medical expenses.[7] In February 1986, he brought an amended motion to modify in order to include a motion for relief of judgment based upon the irregularity of obtaining the default dissolution decree.

Thus, petitioner Leslie's motions were timely, even absent the rule that void judgments may be challenged at any time. He simply waited until resolution of respondent Hartman's motion to modify the decree of dissolution of marriage and her corresponding notice of trial amendment before he filed his motion to modify the Superior Court order which actually set forth his liability for orthodontic expenses, medical expenses and related insurance.

We hold that the default dissolution decree dated June 13, 1974, is void to the extent that it awards relief in excess of that sought in the petition for dissolution and in the property settlement agreement signed by the parties. Petitioner Leslie's challenges to the void portions of the decree were timely because such challenges may properly be brought at any time under CR 60(b)(5). Further, petitioner Leslie brought a timely motion for relief (October 3, 1985) from the Superior Court order of the Honorable Thomas A. Swayze, Jr., entered September 20, 1985.

---

[7]Respondent Hartman had filed a petition to modify the decree in 1980 to include this orthodontic treatment. This petition for modification was answered by petitioner Leslie, but was never noted for trial. Thus, the matter was still pending until September 20, 1985, when the Honorable Thomas A. Swayze, Jr., ruled that the orthodontic treatment was included in the decree of dissolution of marriage.

However, even though the original default dissolution decree appears to be void as to petitioner Leslie's liability for medical expenses and insurance, including orthodontic expenses, the Superior Court order entered September 20, 1985, represents a valid modification of the decree to include the "orthodontic treatment requested by [respondent Hartman] in her affidavit executed on June 26, 1985." The modification order was entered after proper hearings, including respondent Hartman's petition for modification and notice of trial amendment (filed August 1, 1980), and petitioner Leslie's affidavits in opposition to orders to show cause (filed August 15, 1980, and July 5, 1985).

We therefore reverse the Court of Appeals determination that petitioner Leslie's motion for relief from the default dissolution decree was untimely under CR 60(b)(5); but affirm the Court of Appeals decision denying petitioner Leslie's motion for relief and upholding the Superior Court order of the Honorable Thomas A. Swayze, Jr., modifying the dissolution decree.

CALLOW, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DORE, PEARSON, ANDERSEN, and DURHAM, JJ., concur.