

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36803-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| THOMAS DALE CURTIS, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Thomas Curtis appeals after the trial court entered a standardized order that failed to clearly vacate both of his 2019 convictions for possession of a controlled substance and that failed to require the State to refund all fees and costs paid as a result of those convictions. We reverse and remand for entry of an amended order.

FACTS

In 2019, the State charged Curtis by amended information with two counts of unlawful possession of a controlled substance (PCS). Curtis opted for a jury trial. The jury found Curtis guilty as charged. The court sentenced Curtis to 14 months' imprisonment and 12 months' community custody.

The court found Curtis indigent and imposed mandatory legal financial obligations (LFOs). The judgment and sentence ordered Curtis to pay supervision fees as determined by the Department of Corrections and required him to submit to drug screens at his own expense.

Curtis timely appealed, arguing in part that to be convicted of possession of a controlled substance the State had to prove that he *knowingly* possessed the substance.

This court stayed consideration of Curtis's appeal pending the outcome of *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). The *Blake* court held that the simple possession statute (under which Curtis was convicted) was unconstitutional. *Id.* at 186.

On April 29, 2021, this court lifted the stay and instructed the parties:

> Please advise the court within 10 days, by <u>May 13, 2021</u>, whether the parties intend to seek a motion to vacate in this matter. The trial court has the authority to hear, decide, and sign an order pursuant to RAP 7.2(e). The trial court should await formal entry (file at the Chelan County Clerk's office) until this court has been provided a copy of the order to vacate, if granted. The Court would entertain a RAP 7.2(e) motion at that time and a motion to dismiss the case as moot.

The State then moved for an order vacating Curtis's conviction under *Blake* and to dismiss the appeal as moot pursuant to RAP 7.2(e).

On May 25, 2021, the Chelan County Superior Court entered an "Order Vacating

and Dismissing [Curtis's] Conviction."  Clerk's Papers (CP) at 46.  The order read in

part:

> IT IS HEREBY ORDERED that pursuant to *State v. Blake*, __ Wn.2d __, 2021 WL 728382, *slip op.* no. 96873-0 (filed Feb. 25, 2021) and based on the motion of the State, the <u>conviction</u> in the above case is vacated and the case is dismissed with prejudice.  <u>The court reserves on the issue of whether the defendant may be entitled to a refund of legal financial obligations that were paid and whether such refund is subject to any other past due legal financial obligations in Chelan County.</u>
> The defendant shall be immediately released from any custody and from any supervision pursuant to this cause number. . . .
> The clerk of the court shall immediately transmit a copy of this order vacating the conviction to the Washington State Patrol identification section. . . .

*Id.* (underlining added).

Curtis objected to the State's proposed order and motion to dismiss.  He argued

that both of his PCS convictions, not just one, must be vacated.  He also requested this

court to direct the State to refund any money exacted from him as a result of his

convictions.

The State responded that the proposed order was a "form order" developed for

speedy resolution of *Blake* matters that clearly dismisses the entire cause number, and

Curtis's objection was the first the prosecutor's office had received.  The State also

asserted that Curtis had paid no LFOs.

On May 25, 2021, Commissioner Landrus denied the State's motion to dismiss the appeal because "the matter may not be moot," but granted permission for the trial court to enter the Order Vacating and Dismissing Conviction, noting that the order, once entered, may be subject to review.

Curtis moved to proceed with his appeal. He again argued that the trial court's order only vacated one of his PCS convictions and improperly reserved the issue of LFOs.

On July 13, 2021, Commissioner Landrus granted Curtis's motion to proceed with his appeal and set the matter for review by this panel.

ANALYSIS

VACATING CONVICTIONS

Curtis contends the Order Vacating and Dismissing Conviction is defective for failing to indicate that there are two convictions at issue. The State argues the order is a form order that has been used to vacate and dismiss hundreds of convictions, including those for multiple counts, and it clearly applies to both of Curtis's convictions.

Although we understand that the State has used this form order for efficiency and expediency given the large number of criminal convictions that became void following our Supreme Court's decision in *Blake*, we agree with Curtis that the order should be amended to properly reflect the number of convictions at issue. As it stands, the order

4

refers to only one conviction. Curtis was convicted and sentenced for two PCS

convictions and the order should clearly vacate both.

REFUND OF FEES AND COSTS PAID

Curtis contends the trial court's order that reserves LFOs is inconsistent with the

meaning of a vacated judgment. We agree.

We begin by addressing the State's argument that according to the Chelan County

Superior Court clerk's office, Curtis has paid no fees. Because that information is not in

our record and because Curtis asks this court to clarify the law regarding return of fees

and costs after a conviction is vacated and dismissed under *Blake*, we proceed to analyze

the issue raised.

"A vacated judgment has no effect." *In re Marriage of Leslie*, 112 Wn.2d 612,

618, 772 P.2d 1013 (1989). In other words, "The rights of the parties are left as though

the judgment had never been entered." *Id.*

In *Nelson v. Colorado*, __ U.S. __, 137 S. Ct. 1249, 197 L. Ed. 2d 611 (2017), the

United States Supreme Court addressed the very issue raised by Curtis here. There, the

challenged law allowed the State to retain certain conviction-related fees unless the

defendant commences civil proceedings and proves his or her innocence by clear and

convincing evidence. *Id.* at 1252. In its opening paragraph, the *Nelson* court asked and

5

answered: "When a criminal conviction is invalidated by a reviewing court and no retrial will occur, is the State obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction? Our answer is yes." *Id.* The court held that the statutory scheme violated the due process clause. *Id.*

Division One of this court, citing *Nelson*, recently held that the State must return fees exacted from defendants whose convictions are later vacated. *State v. Hecht*, 2 Wn. App. 2d 359, 368, 409 P.3d 1146 (2018). There, the appellate court reversed Hecht's convictions due to prosecutorial misconduct, and the State declined to retry the case. *Id.* at 362. Hecht then filed a RAP 12.8 motion requesting restitution from the State. *Id.* The trial court ordered restitution for LFOs and the court-ordered blood draw, but denied the majority of Hecht's requests. *Id.* at 363. Hecht appealed.

Division One largely agreed with the trial court but ordered expanded restitution based on unjust enrichment. *Id.* at 368. It reasoned that consequential losses from Hecht's conviction such as emotional or physical deterioration were not recoverable, but Hecht was owed the entire amount that he paid the State as a result of his wrongful conviction because "[t]he State no longer has legal claim to this property." *Id.*

Consistent with state and federal precedent, Curtis must be refunded all amounts he paid the State as a result of his two PCS convictions that are now void.[1] We remand for the trial court to enter an amended order consistent with our opinion.

Reversed and remanded for entry of amended order.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____      _____
Fearing, J.                            Staab, J.

---

[1] Neither party has addressed whether the State is entitled to retain payments to offset the amount, if any, Curtis owes to Chelan County. We do not decide this issue.