**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| In re the Marriage of: | No. 55673-1-II |
| TALON M. HENDERSON, | |
| Petitioner, | |
| v. | UNPUBLISHED OPINION |
| SARAH A. HENDERSON, | |
| Appellant. | |

WORSWICK, J. — Sarah and Talon Henderson married in 2015 and have two children together. Talon[1] petitioned for dissolution in 2020 and ultimately obtained final orders of dissolution, parenting plan, and child support after the trial court found Sarah in default for failure to respond to the petition for dissolution.

Sarah appeals the trial court's order denying her CR 60(b) motion to vacate the order of default and the trial court's final parenting plan and child support orders. Sarah argues that the trial court abused its discretion by denying her CR 60(b) motion to vacate the order of default because she mistakenly believed that failing to appear in the dissolution action would have no impact on custody or child support. She further argues that the trial court erred by granting relief exceeding that sought in Talon's petition for dissolution when it approved a final parenting plan and awarded child support despite no parenting plan being filed prior to the order of default.

---

[1] Because the parties share a last name, we refer to them by their first names for clarity. We intend no disrespect.

We reverse the trial court's order denying Sarah's CR 60(b) motion to vacate the order of default and remand to the trial court to vacate the parenting plan and child support order and for further proceedings.

## FACTS

Talon and Sarah were married in July 2015 and separated in June 2019. The former couple share two children.

Talon served Sarah with a petition for divorce and summons on December 29, 2020. The petition stated, "I ask the court to order a Parenting Plan for the children my spouse and I have together. I will file and serve my proposed Parenting Plan [] later." Clerk's Papers (CP) at 3 (emphasis omitted). The summons informed Sarah that she must respond to the summons and petition for dissolution in writing within 20 days after receiving service or else "the court may enter an order of default against you, and the court may, without further notice to you, enter a decree and approve or provide for the relief requested in the petition." CP at 7.

Sarah did not respond to Talon's petition. On January 22, 2021, Talon filed a motion for default and for entry of a final parenting plan. The superior court granted the motion for default, but noted the deficiency that a parenting plan had not been served on Sarah. Three days later, Talon filed a proposed parenting plan changing the residential schedule from 50/50 to the children only seeing Sarah every other weekend. Talon's attorney mailed a copy of the proposed parenting plan to Sarah.

Sarah obtained legal counsel, and on February 12 her attorney filed a notice of appearance. On March 3, Sarah filed a motion to vacate the default order under CR 60(b). In an affidavit supporting her motion, Sarah stated that she had never been served with a proposed

parenting plan. Sarah also stated that she believed that if she did not respond to the summons or petition for dissolution, the divorce would be granted, but she did not realize that anything to do with the children would be impacted.

The trial court denied Sarah's motion to vacate other than to strike the portion of the order stating that the court "approves the Parenting Plan submitted by petitioner as a final order in this action." CP at 214. The trial court characterized that portion of the order as a clerical error and concluded that Sarah remained in default. Sarah moved for reconsideration, which the trial court denied.

In May 2021, the trial court entered a final parenting plan in ex parte. The parenting plan awarded major decision making about the children solely to Talon. Under the parenting plan, the children are to live primarily with Talon, including throughout the summer and every spring break, except for every other weekend when they will be with Sarah. The trial court also entered a child support order ordering Sarah to pay Talon $704 a month.

Sarah appeals the trial court's order denying her motion to vacate the order of default and the trial court's entry of a final parenting plan and child support order.

ANALYSIS

I. MOTION TO VACATE THE ORDER OF DEFAULT

Sarah argues that the trial court erred by denying her CR 60 motion to vacate the order of default. We agree.

We review a superior court's ruling on a motion to vacate a judgment under CR 60(b) for abuse of discretion. *In re Parenting & Support of C.T.*, 193 Wn. App. 427, 434, 378 P.3d 183 (2016). A court abuses its discretion if its decision is "'manifestly unreasonable, based on

3

untenable grounds, or based on untenable reasons.'" *Mitchell v. Wash. State Inst. of Pub. Policy*, 153 Wn. App. 803, 821, 225 P.3d 280 (2009) (quoting *Moreman v. Butcher*, 126 Wn.2d 36, 40, 891 P.2d 725 (1995)). "Our primary concern is that the default judgment is just and equitable; thus, 'we evaluate the trial court's decision by considering the unique facts and circumstances of the case before us.'" *Gutz v. Johnson*, 128 Wn. App. 901, 916, 117 P.3d 390 (2005) (quoting *Showalter v. Wild Oats*, 124 Wn. App. 506, 511, 101 P.3d 867 (2004)). "We are more likely to reverse a trial court decision refusing to set aside a default judgment." *Gutz*, 128 Wn. App. at 916.

Washington favors decisions on the merits; this is particularly true "in the family law context where many parties are pro se, procedural errors are common, and the welfare of children is at stake." *In re Marriage of Pennamen*, 135 Wn. App. 790, 799, 146 P.3d 466 (2006). "In matters involving the welfare of children, courts need to be able to reach the merits whenever possible." *Pennamen*, 135 Wn. App. at 801. Parenting plans must be crafted with consideration of the best interests of the children. RCW 26.09.002. Entering a final parenting plan by default even when a parent is attempting to object but is procedurally barred from doing so risks ignoring the children's best interests. *See Pennamen*, 135 Wn. App. at 801.

A default order and judgment may be set aside for "good cause" under CR 55(c)(1) or for specific reasons that justify vacating a judgment under CR 60(b). CR 60(b)(1) provides that the trial court may relieve a party from a final judgment for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." Sarah brought her CR 60(b) motion arguing mistake and excusable neglect. When deciding whether to grant a CR 60(b) motion to vacate a default judgment, the trial court must consider four factors from *White v.*

4

*Holm*, 73 Wn.2d 348, 351-52, 438 P.2d 581 (1968): (1) that substantial evidence exists to support at least a prima facie defense to the claim asserted; (2) that the moving party's failure to timely appear in the action, and answer the opponent's claim, occurred by mistake, inadvertence, surprise or excusable neglect; (3) that the moving party acted with due diligence after notice of entry of the default judgment; and (4) that no substantial hardship will result to the opposing party.

Here, Sarah satisfies the *White* factors. Sarah's failure to appear was based on mistake and excusable neglect. Sarah, acting pro se, mistook the language in the petition for dissolution that a proposed parenting plan would be filed "later" to mean that issues regarding the parenting of Sarah and Talon's children would be determined separately. Her mistaken conclusion was supported by Talon's failure to file or serve her with any proposed parenting plan before moving for an order of default. After Talon filed the proposed parenting plan—which significantly altered the status quo by changing the residential schedule of the children from 50/50 to 80/20– Sarah acted with due diligence to obtain counsel and file a motion to vacate the default order. Finally, there is no evidence that Talon would suffer a substantial hardship if the order of default was vacated. The prospect of having a trial of the case on its merits, without more, is not a substantial hardship. *Gutz*, 128 Wn. App. at 920. Vacation of the order of default would not alter the status quo but would simply allow the trial court to determine a parenting plan in the best interests of the children based on evidence provided from both parents.

Moreover, under these circumstances, the order of default is not "just and equitable." *Gutz*, 128 Wn. App. at 901. Talon did not file any proposed parenting plan until *after* obtaining an order of default against Sarah. Not only did this contribute to Sarah's mistaken belief that

issues regarding the parenting of their children would be handled separately, but as a result, by the time Sarah was informed of the relief Talon sought regarding their children, Sarah was barred from contesting the proposed parenting plan or child support orders. Talon proposed a parenting plan that significantly limited Sarah's time with the children, claiming that she was a negligent parent. Due to the order of default, Sarah was precluded from challenging the allegations or proposing an alternative parenting plan.

Sarah was pro se at the time Talon served her with the summons and petition for dissolution. She mistakenly assumed—based on the language of the petition and Talon's dilatory filing of a proposed parenting plan—that issues regarding parenting of their children would be dealt with separately. When Sarah recognized her mistake, she promptly obtained counsel and sought to vacate the order of default so that she could participate in the proceedings relating to the welfare of her children. Denying Sarah's motion to vacate the order of default and thereby preventing her from objecting to Talon's proposed parenting plan or otherwise participating in the trial court's determination of the children's best interests was unreasonable under the circumstances. The trial court abused its discretion by denying Sarah's CR 60(b) motion to vacate the order of default.

## II. FINAL PARENTING PLAN AND CHILD SUPPORT

Sarah also argues that the trial court erred by entering the final parenting plan and child support order by default because it exceeded the relief prayed for in Talon's petition for dissolution.[2] We agree.

A court may not grant relief in excess of or substantially different from that requested in the complaint. *In re Marriage of Leslie*, 112 Wn.2d 612, 617, 772 P.2d 1013 (1989). To grant relief beyond that sought in the complaint without notice and an opportunity to be heard denies procedural due process. *Leslie*, 112 Wn.2d at 617. "To the extent a default judgment exceeds relief requested in the complaint, that portion of the judgment is void." *Leslie*, 112 Wn.2d at 618.

Here, Talon's petition stated that he would file a proposed parenting plan at a later date. His petition did not specify the relief he sought regarding the parenting of their children. No proposed parenting plan, child support worksheets, or any other documentation pertaining to the parenting of Sarah and Talon's children was filed prior to Talon's motion for an order of default against Sarah. Accordingly, the parenting plan and child support order approved after the order of default were beyond the relief requested in Talon's petition and, as such, are void and must be vacated.

---

[2] Talon argues that Sarah is precluded from making this argument because she failed to challenge the parenting plan or child support order below. But because the orders were entered in default and after the trial court denied her motion to vacate, Sarah had no ability to object to the orders or challenge them in her motion to vacate the order of default. Talon's argument is unavailing.

### III. ATTORNEY FEES AND COSTS

Talon argues that this court should award him attorney fees under RAP 18.9(a) because Sarah's appeal is frivolous. RAP 18.9 allows this court to impose compensatory damages or sanctions against a party filing a frivolous appeal. An appeal is frivolous if there are no debatable issues on which reasonable minds can differ and is so totally devoid of merit that there was no reasonable possibility of reversal. *In re Recall Charges Against Feetham*, 149 Wn.2d 860, 872, 72 P.3d 741 (2003). Sarah prevails on appeal, thus her appeal is not frivolous. Accordingly, we deny Talon's request for attorney fees under RAP 18.9(a).

Both Sarah and Talon request attorney fees and costs on appeal under RAP 18.1 and RCW 26.09.140. RAP 18.1 allows this court to grant a party reasonable attorney fees or expenses if an applicable statute permits. RCW 26.09.140 permits a court to order a party to pay a reasonable amount for the cost to the other party of maintaining or defending a proceeding related to dissolution proceedings. In determining whether a fee award under RCW 26.09.140 is appropriate, we consider the parties' financial resources and the merit of the issues raised on appeal. *In re Marriage of Fiorito*, 112 Wn. App. 657, 670, 50 P.3d 298 (2002). However, attorney fees are awarded under RCW 26.09.140 only when the requesting party files an affidavit of financial need no later than 10 days before his or her case is considered. RAP 18.1(c).

Sarah failed to file an affidavit of financial need within 10 days of the date her case was considered. Therefore, we decline to award her attorney fees. Talon filed an affidavit of financial need, but we also decline Talon's request for fees.

No. 55673-1-II

We reverse the trial court's order denying Sarah's CR 60(b) motion to vacate the order of default and remand to the trial court to vacate the parenting plan and child support order and for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Lee, C.J.

Cruser, J.