

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of Parenting and Support of | ) | |
| | ) | No. 37970-1-III |
| G.,† | ) | |
| | ) | |
| RONALD FORMANEK, | ) | |
| | ) | |
| Respondent, | ) | UNPUBLISHED OPINION |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHANIE GARRETT, | ) | |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Stephanie Garrett appeals an order of the trial court requiring her to sign Internal Revenue Service Form 8332 so that Ronald Formanek, the father of her daughter G., may document his right to claim G. as a dependent on his 2017 and 2019 federal tax returns.

The trial court's finding that the parents agreed that Mr. Formanek could claim G. as a dependent in odd years is supported by his declaration and by the parties' conduct for

---

† To protect the privacy interests of minor children, this court identifies them only through the use of initials. General Order of Division III, *In Re the Use of Initials or Pseudonyms for Child Victims or Child Witnesses* (Wash. Ct. App. June 18, 2012), https://www.courts.wa.gov/appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber =2012_001&div=III.

a number of years. We affirm and award Mr. Formanek his reasonable attorney fees on appeal.

FACTS AND PROCEDURAL BACKGROUND

Stephanie Garrett and Ronald Formanek are the unmarried parents of G., who was born in 2014. When G. turned six, Mr. Formanek concluded that a parenting and child support agreement he and Ms. Garrett prepared themselves was not assuring him the amount and type of contact he desired with G. as she got older, so he moved in superior court for approval of a parenting plan and child support order. Ms. Garrett agreed that a parenting plan should be established and child support ordered, and filed her own motion for temporary orders.

While the motions were pending, Mr. Formanek was notified by the Internal Revenue Service (IRS) that Ms. Garrett claimed G. as a dependent on her 2019 tax return, just as he had. Based on an agreement he asserts was reached "[v]ery early on in [G.]'s life," that Ms. Garrett would claim G. as a dependent in even years and he would claim her as a dependent in odd years, Mr. Formanek moved for a temporary order requiring Ms. Garrett to amend her 2019 return and sign IRS Form 8332 to document his right to claim G. as a dependent for that year. Clerk's Papers (CP) at 139. He submitted copies of his tax returns for years 2015 through 2019 to demonstrate that he had only claimed G. as a dependent in odd years.

To respond to submissions by Ms. Garrett that Mr. Formanek perceived as accusing him of not contributing his share of expenses, he also filed a declaration in which he addressed what he had paid toward pregnancy and child expenses, to which he attached a written agreement signed by the parties in February 2015. The bare-bones agreement did not address the tax issue, but did address visitation and child support. As to the latter, it stated:

> Monthly child support: Ron: $215 + $85 for daycare = $300 a month
> preferred method – cashier's check/money order

Clerk's Papers (CP) at 121. Mr. Formanek asserted, "I have been paying that amount for more than five years, without fail." CP at 103.

Before the parties' motions for temporary orders could be heard, Mr. Formanek learned from a reply declaration from Ms. Garrett that in addition to claiming G. as a dependent on her tax return for 2019 filed in February 2020, she had amended her federal tax return for 2017 in April 2020 to claim G. as a dependent for that year as well.

In November 2020, a court commissioner heard argument of the parties' motions for temporary orders on child support and the tax issue. The commissioner determined based on the child support worksheets submitted that Mr. Formanek should begin paying Ms. Garrett child support of $398 a month (the standard calculation). The commissioner denied Mr. Formanek's motion for an order directing Ms. Garrett to amend her 2019

3

federal return and provide Mr. Formanek with Form 8332. The commissioner provided the following explanation of its decision on the dependency deduction:

> In regards to the tax return; it is very, as we know, if there isn't a court order and the parents aren't married then federal IRS regulation say that the custodial parent has the right to claim the child. I am not going to require Ms. Garrett to amend her 2019 taxes because there has been, by agreement, an underpayment of child support for at least a period of time. . . . So I'm going to allow [Ms. Garrett] to keep the 2019 tax and I'm going to allow her claim 2020 this year because of the underpayment in child support was, again, by agreement. But to even this out . . . then Mr. Formanek will have odd years moving forward, and Ms. Garrett will have even years moving forward.

CP at 295.

When Mr. Formanek's counsel objected that there had been no underpayment of the child support amount on which the parties agreed in 2015, the commissioner acknowledged, "So they agreed to the [$]215. I agree that he agreed to that." CP at 296. Nonetheless the commissioner stated it was "finding that there was an underpayment by agreement," and it stood by its denial of Mr. Formanek's request for relief on the tax issue. *Id*. at 295-96.

Mr. Formanek timely moved for revision of the ruling on the tax issue only. His motion asked the superior court to address, "Failure to make a ruling on the existence of an agreement regarding the tax credit; [and r]uling regarding tax credit for 2017 and 2019, or reserve issue for trial." CP at 285.

4

At the hearing on the revision motion, Mr. Formanek's lawyer requested relief with respect to both the 2017 and 2019 tax years. In addition to arguing that the parties' agreement should be enforced, Mr. Formanek's lawyer argued that the commissioner had not had enough information to determine whether Mr. Formanek had underpaid child support in prior years. Ms. Garrett's lawyer did not object to argument about relief for the 2017 tax year and addressed that tax year himself.

After hearing argument from counsel, the superior court announced it would grant revision, based on "[the parties'] agreement that was historically established in the record before the Court." Report of Proceedings (RP) at 13. The court also commented that it had "a difficult time finding on the record" a basis for the commissioner's belief that child support had been underpaid in earlier years.

The written order thereafter entered by the court found, "An agreement existed between the parties with regard to the parties claiming the child in alternating years; Ms. Garrett in even years and Mr. Formanek in odd years." CP at 305. It ordered Ms. Garrett to "sign IRS Form 8332, indicating that Mr. Formanek is authorized to claim the child in 2017 and 2019, and in all odd years moving forward." *Id.*

Ms. Garrett appeals.

## ANALYSIS

All rulings by a superior court commissioner are subject to revision by the superior court. RCW 2.24.050; *see also* WASH. CONST. art. IV, § 23. On revision, the

5

superior court reviews the evidence and issues presented to the commissioner de novo. *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). When the superior court declines to adopt the commissioner's decision and makes its own, the appeal is from the superior court's decision, not the commissioner's. *Id.*

Ms. Garrett makes three assignments of error that we address in turn.

I.      THE TRIAL COURT'S VIEW THAT THE COMMISSIONER LACKED AN ADEQUATE BASIS
        FOR FINDING PRIOR UNDERPAYMENTS IS IMMATERIAL TO THE BASIS ON WHICH IT
        GRANTED MR. FORMANEK'S MOTION

Ms. Garrett's first assignment of error is that "[t]he Court did not find the basis for the findings made by [the court commissioner] in the record," quoting that statement from the trial court's order. CP at 304. The statement appears in the order presented by Mr. Formanek's counsel and is followed by the trial court's handwritten addition, "The court applied a de novo standard of review." *Id.*

Counsel appears to have included the statement in its proposed order to track the trial court's statement at the hearing that while the commissioner's "intuition" that Mr. Formanek underpaid child support in earlier years might be correct, "I don't think the facts are demonstrated in the record for that finding." RP at 13.

"[T]he revision court's scope of review is not limited merely to whether substantial evidence supports the commissioner's findings. Instead, the revision court has full jurisdiction over the case and is authorized to determine its own facts based on the record before the commissioner." *In re Marriage of Dodd*, 120 Wn. App. 638, 644,

86 P.3d 801 (2004) (citation omitted). In *Dodd*, an argument that the superior court failed to challenge the commissioner's findings was rejected because, as this court observed, "the superior court['s] revision order *supersedes* the commissioner's ruling." *Id.* (emphasis added).

Since the parties had not submitted child support worksheets for earlier years, the superior court's comment that the commissioner appeared to lack a factual basis for its finding is understandable. More importantly, the superior court made its own finding of a fact that it deemed controlling: it found that the parties had agreed to share the right to claim G. as a dependent in alternate years. It is the superior court's decision that we review, and for reasons we discuss hereafter, the superior court's finding supports its order granting Mr. Formanek's motion.

II.  SUBSTANTIAL EVIDENCE SUPPORTS THE FINDING OF AN AGREEMENT BY THE PARTIES TO ALTERNATE YEARS IN WHICH THEY CLAIMED G. AS A DEPENDENT

Ms. Garrett next assigns error to the trial court's finding that "[a]n agreement existed between the parties . . . claiming the child in alternate years; Ms. Garrett in even years and Mr. Formanek in odd years." CP at 306.

We review the superior court's findings of fact to determine whether they are supported by substantial evidence and then determine whether the findings support the conclusions of law. *In re Marriage of Rideout*, 150 Wn.2d 337, 350, 77 P.3d 1174 (2003). Our review of the record is in the light most favorable to the party in whose

favor the findings were entered—here, Mr. Formanek. *In re Marriage of Gillespie*, 89 Wn. App. 390, 404, 948 P.2d 1338 (1997).

The record before the trial court included Mr. Formanek's sworn declaration that the parties had an agreement to claim G. as a dependent in alternate years. It included the parties' written agreement on other parenting matters and evidence of Mr. Formanek's payments toward the child support amount that had been agreed. It included Mr. Formanek's tax returns for the years 2015 to 2019, which were consistent with the asserted agreement. It included Ms. Garrett's original tax return for 2017, which was consistent with the asserted agreement.

As argued by Ms. Garrett, the record also included her 2019 tax return and amended tax return for 2017, which defied the asserted agreement. But those returns were not prepared until February and April 2020, respectively. Finally, the evidence included Ms. Garrett's declarations. She asks us to construe the following statements by her as denying the existence of the asserted agreement:

> "I would challenge what authority Ron and his attorney rely upon to order
> me to file an amended 2019 return. Was there some order in effect? Did
> Ron even pay appropriate support for that time when I had [G.] at least
> 85% of the time. Curiously, only when I have filed and requested child
> support does he raise the issue of tax filing. To be clear, Ron had no
> authority to take [G.] on his taxes. Ron believes my 2017 return will show
> [G.] not claimed. This would be incorrect and I certainly claimed her as set
> forth in my tax return."

Reply Br. of Appellant at 2 (alterations in original) (quoting CP at 240-41). As Mr. Formanek argues, it is more accurate to say that this testimony by Ms. Garrett *scrupulously avoids* addressing whether the agreement existed.

Substantial and essentially undisputed evidence supports the superior court's finding that an agreement existed between the parties to claim G. as a dependent in alternate years.

III.   THE TRIAL COURT DID NOT ERR IN ORDERING MS. GARRETT TO EXECUTE IRS FORM 8332

Ms. Garrett's final assignment of error is that the superior court erred by ordering her to sign IRS Form 8332 to document Mr. Formanek's right to claim G. as a dependent in 2017, 2019, and in odd years going forward.

A controlling decision of this court held over 30 years ago that the federal tax provision requiring proof of a custodial parent's release of a claim to exemption does not preempt the authority of Washington courts to allocate the right to claim a federal tax exemption for a child. *In re Marriage of Peacock*, 54 Wn. App. 12, 16, 771 P.2d 767 (1989). "Domestic relations is an area particularly within the authority of the states." *Id.* at 14. To effectuate a Washington court's authority, its allocation of the right to claim the exemption "may be enforced by an order requiring the custodial parent to execute the necessary waiver in favor of the parent who has been allocated the exemption." *Id.* at 16-17. This is the majority view. *See* Christine Bacon, Annotation, *State Court's Authority*

*in Marital or Child Custody Proceeding to Allocate Federal Income Tax Dependency*

*Exemption for Child to Noncustodial Parent under § 152(e) of Internal Revenue Code*

*(26 U.S.C.A. § 152(e))*, 29 A.L.R.7th Art. 3 (2017) (collecting cases).

RCW 26.26B.130 permits an acknowledged parent such as Mr. Formanek to

commence a judicial proceeding to obtain a parenting plan on the same basis as provided

in chapter 26.09 RCW and to establish a child support obligation under chapter 26.19

RCW.  All pleadings filed in the action must be on forms approved by the administrative

office of the courts.  RCW 26.26B.010.  The mandatory child support order form includes

a section in which the trial court orders the manner in which a child will be claimed as a

dependent.  For years when a noncustodial parent has the right to claim the child, the

mandatory order form requires the parents to cooperate to fill out and submit IRS Form

8332 in a timely manner.  *See* CP at 279; *and see* Form FL All Family 130 Child Support

Order, available at https://www.courts.wa.gov/forms/documents/.

When Ms. Garrett claimed G. as a dependent on her federal tax return for 2019

and on an amended return for 2017 contrary to the parties' agreement, she did so at the

risk that Mr. Formanek would obtain a court order enforcing the agreement.  To ensure

that the IRS will recognize Mr. Formanek's right to claim G. as a dependent for the two

tax years, it was proper and necessary for the court to order Ms. Garrett to execute Form

8332.

Finally, Ms. Garrett argues that the superior court ordered relief beyond what was sought, since Mr. Formanek's motion for a temporary order only asked that Ms. Garrett be required to amend her 2019 return and provide Form 8332 for that tax year. At the time the motion was filed, Mr. Formanek was unaware that Ms. Garrett had filed an amended 2017 return claiming G. as a dependent. That fact was in evidence by the time of the hearing before the commissioner, however, so Mr. Formanek did not ask the superior court to consider new evidence.

*In re Marriage of Leslie*, 112 Wn.2d 612, 617, 772 P.2d 1013 (1989), on which Ms. Garrett relies for this final argument, is inapposite. That case held it was a violation of procedural due process for a plaintiff to obtain a *default* judgment affording relief beyond that prayed for in the complaint because the defendant was denied notice and an opportunity to be heard. Here, there was notice; Mr. Formanek's motion for revision disclosed that he was seeking relief for Ms. Garrett's violation of the parties' agreement in both tax years. Ms. Garrett's lawyer raised no objection to the 2017 amendment being argued at the revision hearing and even argued it himself. Any issue is unpreserved. RAP 2.5(a).[1]

---

[1] We also note that the trial court's finding that Ms. Garrett agreed that Mr. Formanek could claim G. as a dependent in odd years would be preclusive. If Mr. Formanek had been required to file a separate motion, it would only subject Ms. Garrett to additional expense.

No. 37970-1-III
*In re Parenting and Support of G.*

IV.    ATTORNEY FEES

Both parties seek an award of reasonable attorney fees on appeal under RCW 26.26B.060 and RAP 18.1.  Mr. Formanek also contends that Ms. Garrett's appeal was frivolous, supporting an award of fees under RAP 18.9.

Subject to an exception that does not apply here, RCW 26.26B.060 provides that "[t]he court may order that all or a portion of a party's reasonable attorney's fees be paid by another party."  Unlike RCW 26.09.140, this attorney fee provision does not require consideration of need or ability to pay in making an award.  *In re Marriage of Wendy M.*, 92 Wn. App. 430, 441, 962 P.2d 130 (1998).

We do not find Ms. Garrett's appeal to have been frivolous.  Mr. Formanek is the prevailing party, however, and we exercise our discretion to award him reasonable attorney fees subject to his timely compliance with RAP 18.1(d).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____            _____
Lawrence-Berrey, J.                                        Staab, J.

12