# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No.58958-3-II |
| Respondent, | |
| v. | |
| | UNPUBLISHED OPINION |
| RONALD JAY BIANCHI, | |
| Appellant. | |

MAXA, P.J. – Ronald Bianchi appeals the trial court's denial of his motion for reimbursement of restitution he paid pursuant to a now-vacated 1998 judgment. The State concedes error. In a statement of additional grounds (SAG), Bianchi asserts that he should receive interest on the reimbursement amount.

We accept the State's concession and reverse the trial court's order denying Bianchi's motion for reimbursement of his restitution payments, but we deny Bianchi's request for interest on his reimbursement. We remand to the court for further action consistent with this opinion.

## FACTS

In 1998, Bianchi pleaded guilty to numerous offenses. At his 1998 sentencing, the trial court imposed various LFOs, fees, and $6,368.70 in restitution.[1] Over several years, Bianchi

---

[1] The restitution was to be paid to Bank of America, City of Vancouver, Dennis Knabe, Nationwide Insurance, Clark County Loss Prevention, and the Clark County Sheriff's Office.

paid $4,192.49 in satisfaction of the vacated 1998 judgment: $3736.17 toward the restitution amount and $456.32 toward the VPA.

In 2017, this court granted Bianchi's personal restraint petition and vacated three of his convictions subject to a stay of execution to permit Bianchi to consider whether to withdraw his pleas. Bianchi chose to withdraw his pleas.

In 2019, a jury reconvicted Bianchi of several of the same charges. In a November 2019 judgment and sentence, the trial court did not impose any LFOs other than the $500 crime victim penalty assessment (VPA). The court also ordered that restitution would be set at another time. The State later decided that it would not pursue restitution.

Bianchi subsequently requested that the Clark County Clerk's Office return his restitution and VPA payments. The County Clerk advised Bianchi that because the payments were for restitution, he needed to obtain an order from the trial court to seek return of the funds because they were paid to the victims.

In December 2021, Bianchi filed a motion for the return of personal property seeking an order directing the State and the Clark County Clerk to return the amounts he had paid toward restitution. In April 2023, Bianchi filed a second motion for release of personal property seeking to recover his payments. On May 25, 2023, the trial court issued an order denying Bianchi's requests for the return of personal property.

Bianchi appeals the order denying return of the restitution payments.[2]

---

[2] On appeal, Bianchi sought reimbursement for the VPA payments in addition to the restitution he had paid. But after Bianchi filed his opening brief, the trial court entered an order requiring reimbursement of the VPA payments. Accordingly, we address only restitution.

ANALYSIS

Bianchi argues that the trial court erred when it denied his request for reimbursement of the restitution that he paid before his 1998 judgment and sentence was vacated. He contends that under *Nelson v. Colorado*, 581 U.S. 128, 137 S. Ct. 1249, 197 L. Ed. 2d 611 (2017) and RAP 12.8, he is entitled to reimbursement of the restitution he paid.

The State concedes that *Nelson* requires that Bianchi be reimbursed. The State also asserts that the fact the State may not presently hold the money that Bianchi paid or that the payments have been distributed to the victims does not change the requirement that the trial court issue orders that will permit Bianchi to be reimbursed. We agree that *Nelson* and RAP 12.8 require the trial court to grant Bianchi's motion for return of the restitution payments.

"A vacated judgment has no effect." *In re Marriage of Leslie*, 112 Wn.2d 612, 618, 772 P.2d 1013 (1989). In other words, when a judgment is vacated, "[t]he rights of the parties are left as though the judgment had never been entered." *Id*. Accordingly, if a criminal conviction is overturned, "[t]he State no longer has a legal claim" to amounts paid by "the defendant as a consequence of that conviction." *State v. Hecht*, 2 Wn. App. 2d 359, 368, 409 P.3d 1146 (2018) (citing *Nelson*, 581 U. S. at 129). And "the State is obliged to refund fees, court costs, and *restitution* exacted from the defendant." *Hecht*, 2 Wn. App. 2d at 368 (emphasis added).

In addition, RAP 12.8 provides in part,

> If a party has voluntarily or involuntarily partially or wholly satisfied a trial court decision which is modified by the appellate court, the trial court shall enter orders and authorize the issuance of process appropriate to restore to the party *any* property taken from that party, the value of the property, or in appropriate circumstances, provide restitution.

(Emphasis added).

3

Both the case law and RAP 12.8 required the trial court to order reimbursement of the restitution that Bianchi paid under his later-vacated judgment and sentence. Accordingly, the trial court abused its discretion when it denied Bianchi's motion for return of property.

Although the County Clerk may no longer have control of the restitution that Bianchi paid, under RAP 12.8 the trial court is still required to "enter orders and authorize the issuance of process appropriate to restore to [Bianchi] any property taken from" him. On remand, the trial court must ensure that it enters the orders required to restore the restitution payments to Bianchi.

In his SAG, Bianchi also argues that he is entitled to 12 percent annual interest from the time of payment on the restitution that he paid. But RAP 12.8 authorizes the trial court to restore only the property taken, not interest. And we have found no authority allowing an award of interest under these circumstances. Accordingly, we deny Bianchi's request for interest.

CONCLUSION

We reverse the trial court order denying Bianchi's motion for return of property. We remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.

We concur:

_____
PRICE, J.

_____
CHE, J.