IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

In re the Detention of:

M.G.,

              Appellant.

No. 86955-8-I

DIVISION ONE

UNPUBLISHED OPINION

PER CURIAM — M.G. appeals from an order committing him for 14 days under the involuntary treatment act (ITA), chapter 71.05 RCW, and a later order committing him for an additional 90 days. The 14-day commitment hearing was conducted via Zoom, and M.G. and his attorney were not physically in the same room. At the outset of the hearing, the trial court informed M.G. that if he needed to have a private conversation with his attorney, he could raise his hand and the court would "try to see if we can take a break at that point." And during the hearing, the court recessed on two occasions to allow M.G. to talk with his attorney after M.G. indicated his desire to do so. Later in the hearing, however, the trial court ignored M.G.'s requests to talk with his attorney. The State concedes that the trial court erred and violated M.G.'s right to counsel, and M.G. moves this court to accept the State's concession.

We grant M.G.'s motion and accept the State's concession. *Cf. In re Det. of T.A.H.-L.*, 123 Wn. App. 172, 179-80, 97 P.3d 767 (2004) (acknowledging the right to counsel in ITA proceedings, observing that "[t]he due process protection of the right to counsel articulated in [the ITA] is meaningless unless it is read as the right to *effective*

counsel," and applying Sixth Amendment effective assistance standard); *State v. Cory*, 62 Wn.2d 371, 374, 382 P.2d 1019 (1963) (a person cannot receive effective assistance of counsel without the right to confer with counsel in private); *State v. Schlenker*, 31 Wn. App. 2d 921, 935-36, 553 P.3d 712 (2024) ("The trial judge must make sure that attorneys and clients have the opportunity to engage in private consultation" and "must not place an unreasonable expectation on a defendant to interrupt a proceeding to assert his right to confer with counsel.").

Additionally, the State agrees with M.G. that the appropriate remedy is to reverse and vacate both the 14-day commitment and the later 90-day commitment order. Accordingly, we reverse and remand to the trial court to vacate both orders.[1] *Cf. State v. Ulestad*, 127 Wn. App. 209, 214-15, 111 P.3d 276 (2005) ("[E]xcept for a limited right to control attorney-client communication when the defendant is testifying, any interference with the defendant's right to continuously consult with his counsel during trial is reversible error without a showing of prejudice."); RCW 71.05.290(1) (providing that a petition for additional treatment may be filed "[a]t any time *during a person's 14-day intensive treatment period*" (emphasis added)); *In re Marriage of Leslie*, 112 Wn.2d 612, 618, 772 P.2d 1013 (1989) (vacated judgment has no effect and leaves the parties as though the judgment had never been entered).

---

[1] As a result, we need not reach M.G.'s remaining assignments of error.

--

No. 86955-8-I/3

Reversed and remanded.

FOR THE COURT:

_____

Díaz, J.
_____

_____, ACJ

--